[No. 6438.  Decided December 21, 1906.]

FRANK J. BUTLER, *R spondent*, v. NEW YORK LIFE
INSURANCE COMPANY, *Appellant*.[1]

INSURANCE—AGENTS—TERMINATION OF CONTRACT—RIGHT TO COM-
MISSIONS — CONTRACT — CONSTRUCTION.  Under a contract providing
that an insurance agent shall receive commissions on second year
premiums which should be collected during the time he continued
as agent of the company, it is error to award the agent commissions
on second year premiums which were collected by the company after
the parties had, by mutual consent, terminated the agency.

Appeal from a judgment of the superior court for King
county, Morris, J., entered May 10, 1906, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to recover commissions.
Reversed.

*H. T. Granger*, for appellant, cited:  *Andrews v. Travelers'
Ins. Co.*, 24 Ky. Law 844, 70 S. W. 43; *Spaulding v. New
York Life Ins. Co.*, 61 Me. 329; *North Carolina etc. Ins. Co.
v. Williams*, 91 N. C. 69, 49 Am. Rep. 637; *Ballard v. Trav-
elers' Ins. Co.*, 119 N. C. 182, 25 S. E. 867; *Burleson v.
Northwestern Mut. Ins. Co.*, 86 Cal. 342, 24 Pac. 1064;
*Jacobson v. Connecticut Mut. Life Ins. Co.*, 61 Minn. 330,
63 N. W. 740; *Stagg v. Connecticut Mut. Life Ins. Co.*, 77
U. S. 589, 19 L. Ed. 1038.

*Byers & Byers*, for respondent, cited:  *Hercules Mut. Life
Assur. Soc. v. Brinker*, 77 N. Y. 435; *Hale v. Brooklyn Life
Ins. Co.*, 120 N. Y. 294, 24 N. E. 317.

FULLERTON, J.—The appellant, a life insurance company,
appointed the respondent as its agent to solicit insurance on
its behalf.  The contract between the parties was in writing,
and provides that the respondent should receive for his ser-
vices a certain per centum on all original cash premiums for
the first year of insurance, and a certain per centum on second

[1]Reported in 87 Pac. 1119.

year premiums which should be collected during the time the respondent continued as agent of the appellant. The parties by mutual consent terminated their relations on January 1, 1905, the respondent entering into the services of another company and severing in toto his connection with the appellant company. During the year 1905, the appellant collected second year premiums on policies secured by the respondent, the commissions on which, at the rate specified in the contract, amounted to the sum of $402.17. This action was brought by the respondent against the appellant to recover that sum. The court below awarded him judgment, and the insurance company appeals.

The record does not disclose the ground upon which the trial court rested its judgment, but possibly it was thought the commissions were earned, and that the right to them would not terminate on the termination of the relations of the parties created by the contract. What would be the rights of the parties under the circumstances were the contract silent on the question might be debatable, but the contract is not silent. It plainly provides that the respondent shall recover commissions only on second year premiums which are collected during his continuance as agent of the appellant, not those that might be collected after his agency ceased. The parties had a right to make their own contract with reference to the compensation to be paid by the one to the other, and their contract must be upheld by the courts in the absence of a showing that by mutual mistake or fraud the writing does not express the actual agreement made by the parties. There was no such showing here.

The judgment is reversed and remanded with instructions to enter a judgment for the defendant.

MOUNT, C. J., HADLEY, DUNBAR, ROOT, and CROW, JJ., concur.