[No. 7725. Decided May 3, 1909.]

RYDER-GOUGAR COMPANY, *Respondent*, v. ELLIS LEWIS GARRETSON *et al.*, *Appellants*.[1]

INSURANCE—AGENTS—LIABILITY TO REFUND COMMISSIONS. Agents who receive a portion of an insurance commission upon a policy secured by them for other or principal agents, under an agreement or general custom to refund the same in case of cancellation of the policy, are liable to the principal agents for the portions received, after the principal agents have, on orders from the company, cancelled the policy and refunded the whole premium paid by the insured.

INSURANCE—AGENTS—AUTHORITY. An insurance broker is the agent of an insurance company where it appears that it represented the company with the knowledge of the company's local agent, who was employed by the broker and who demanded refunds in the name of the broker.

PLEADING — AMENDMENTS AT TRIAL — SURPRISE. Error cannot be assigned upon a trial amendment to the complaint where no claim of surprise or request for a continuance was made.

CUSTOM AND USAGES—PLEADING—NECESSITY. A general custom need not be pleaded in order to admit evidence thereof in an action upon an obscure contract dependent upon such custom.

ACTIONS—PARTIES PLAINTIFF—CONTRACTS—PARTNERSHIP. A contract of partnership between plaintiff and a third person is inadmissible to show a defect of parties plaintiff, or a necessity for filing the names of the partners under Laws 1907, p. 288, where the contract was dated after the plaintiff's cause of action arose against the defendants.

Appeal from a judgment of the superior court for Pierce county, Reid, J., entered June 2, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to recover commissions retained by an agent after cancellation of an insurance policy. Affirmed.

*A. H. Denman* and *Ellis Lewis Garretson*, for appellants.

*Ellis, Fletcher & Evans*, for respondent.

[1]Reported in 101 Pac. 498.

PARKER, J.—This cause was tried by the court without a jury, at the conclusion of which it made findings showing the following main facts: The plaintiff is a corporation engaged in the insurance business at Tacoma, and at the time the facts occurred upon which this action is based, represented the "General Accident, Fire and Life Assurance ¸ Company." The defendants are partners, and also engaged in the insurance business at Tacoma. In August, 1907, the defendants, through the plaintiff, caused to be issued to Wilkeson Coal & Coke Company an employer's liability insurance policy in said assurance company, under an agreement between plaintiff and defendants that the defendants should receive the customary commission, in this case amounting to $216, and if the policy should be cancelled by the assurance company, thus rendering necessary the return of the premium to the insured, the defendants should return that portion of the premium retained by them for commission. The defendants caused the policy to be delivered to the insured, collected the entire premium thereon, and paid the same to the plaintiff for the assurance company, less the $216 commission retained by them as agreed. Having obtained an adverse report upon the risk, the assurance company cancelled the policy and demanded that the plaintiff immediately pay back to the insured the entire premium and take up the policy. Thereupon plaintiff endeavored to have the company reconsider its action and continue said policy in force, but without avail. Plaintiff then demanded of the defendants the $216 commission retained by them, so the same could be returned to the insured with the portion of the premium in its hands. This the defendants neglected to pay. This all occurred before the premium had been remitted to the assurance company by the plaintiff. Thereupon, plaintiff being required by the assurance company so to do, repaid to the insured the whole of the premium and took up the policy, and again made demand on defendants for the $216, which has not been paid, and this action is prosecuted to collect the

same.   Trial was had resulting in findings and judgment against the defendants, from which they appeal to this court.

The first and principal contention of defendants is based upon their exceptions taken to the findings of the trial court as not being supported by the evidence.  We have reviewed all the evidence with considerable care and find ourselves quite in accord with the trial court's findings of the ultimate facts.

It is contended by defendants that: "What plaintiff did, was to make a purely voluntary payment of an amount which plaintiff assumed was owing by the defendants to their customer," and therefore they urge that no obligation arose in favor of plaintiff as against them to pay back the commission.   This argument assumes that this was in no event more than a debt from defendants to the insured, which, if true, might give their argument some force.   But it is plain from the findings, and also we think from the evidence, that the assurance company had the right to cancel this policy as of the date of its issuance, if it desired.   If so, it had the right to make the cancellation effective by return of the whole premium, and to do so immediately without waiting the convenience of the defendants to return the portion they had retained as commission.

For the purpose of showing the complete agreement between the plaintiff and defendants, undisputed evidence of a general custom requiring the broker to return his commission upon cancellation of the policy he procures from the insured was introduced.   And in this connection there was some evidence tending to show that it was also customary for the premium to be returned to the insured through the broker who procured the insurance, by the company or the agent above him returning the premium to him, and then he returning it to the insured with the commission he had retained.   This, it is claimed, plaintiff violated, and thereby waived its claim for the return of the commission.   Even if this can be regarded as part of the custom, it was not the part which legally effected the obligation on the part of the defendants to repay

the commission. It seems too plain for argument that the policy could only be effectually cancelled by return of the entire premium to the insured, and, until this was done, there was no obligation created as against the defendants. It was the cancellation of the policy which legally created this obligation. It was not a debt due from the defendants to the insured, but to the plaintiff which represented the assurance company, it having actually paid back to the insured the $216 commission, in addition to the portion of the premium it had received. It stands in the shoes of the assurance company so far as its rights against defendants are concerned. Defendants are not urging that the company should here be plaintiff. Even if the return premium had taken the course defendants claim the custom required, they would have been paying it back for the plaintiff to effect the cancellation of the policy. The authorities cited by defendants' counsel relate to the voluntary payment of the debt of another where the one paying it was under no obligation to do so, and where he had no legal rights depending upon the payment of it, and hence, are not applicable here.

It is contended that the evidence clearly shows the plaintiff was not the agent of the assurance company, but that one Hussey is the regular local agent, and that this insurance was attempted to be consummated through his agency. There is some evidence tending to show this state of affairs, but there is also evidence showing that Hussey was then, by some sort of employment arrangement the nature of which is not plain, connected with the general insurance business of plaintiff, and that this insurance was a part of that general business. Besides, it is practically undisputed that the premium, less the $216, was paid by the defendants to plaintiff by a check made payable to plaintiff, that Hussey has never claimed this money for himself, and that he demanded it from the defendants for the plaintiff. We think the evidence amply sufficient to warrant the court in finding plaintiff the representative of the assurance company. We deem it un-

necessary to discuss other evidence touching the correctness of the court's findings.

At the beginning of the trial, counsel for plaintiff, having some doubts as to the admissibility of evidence of custom under the complaint, orally asked the court for permission to amend the complaint, which was granted over the objection of defendants' counsel, which is now assigned as error. The words inserted by the amendment at that time are shown by the italics in the following quotation from the complaint. After alleging the contract for retaining commission by defendants, the complaint as amended proceeds: "It being understood and agreed, *that under the general and usual custom known to the defendants in such cases,* that if said policy was thereafter cancelled by the General Accident Company, that the premium including the share of the defendants should be returned," etc. It is plain from the admission of defendants' attorneys in the record they were not surprised, and they did not ask to have any continuance of the trial on that account. We think this is sufficient reason for holding that it was not error under the liberal rules of amendment permitted by our statutes. There is, however, another reason which to our minds makes it clear that this was not prejudicial. It will be noticed by the language of the amendment that it is a general custom which is here attempted to be pleaded. We understand the rule to be that a general usage or custom need not be pleaded in order to admit evidence thereof to throw light upon a contract, the terms of which are obscure, and which is dependent upon evidence of such general custom to make it plain. 12 Cyc. 1097; *Hewitt v. Week Lumber Co.,* 77 Wis. 548, 46 N. W. 822; *Connolly v. Bruner,* 48 W. Va. 71, 35 S. E. 927; *Fish v. Crawford Mfg. Co.,* 120 Mich. 500, 79 N. W. 793.

In this case the custom was not depended upon to prove the entire contract, only that portion of it which related to the return of the commission with the balance of the premium upon cancellation of the policy—that is, the only part of the

contract which needs evidence of custom for its support. The evidence which followed showed conclusively that such was the general and usual custom, though there was some slight conflict as to the course such return premium and commission should take in reaching the insured. This, however, we think has nothing to do with the legal obligation on the part of the broker to return his commission upon cancellation. What the courtesies of the situation might require as between insurance agents we are not called upon to determine. We think it plain that all the evidence which was introduced as to general custom would have been admissible without this amendment as well as with it; hence, the allowing of it by the court was in no event prejudicial. This also disposes of defendants contention that the custom was not sufficiently pleaded.

Error is assigned based upon the court's refusal to admit in evidence a written contract of partnership between Hussey and the plaintiff. This was offered by defendants' counsel for the purpose of showing want of proper parties plaintiff, and also to show the necessity of pleading compliance with chapter 145, Laws of 1907, page 288, as to filing partner's names with the county clerk, but this contract was dated a considerable time after the matters arose, as is plainly shown by Hussey's testimony, and therefore was properly rejected by the court.

We are of the opinion that the lower court arrived at correct conclusions both as to the facts and law, and that its judgment should be affirmed. It is so ordered.

RUDKIN, C. J., CROW, GOSE, CHADWICK, MOUNT, MORRIS, and DUNBAR, JJ., concur.