INDEPENDENCE SHARING CORPORATION, Plaintiff, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND and HERMAN A. BAYERN, Doing Business as H. A. BAYERN AGENCY, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, November 9, 1932.

*Hardy & Hardy* [*Peter J. Donoghue* of counsel], for the plaintiff.

*Thomas E. White* [*R. Elliott Davis* of counsel], for the defendant.

*Oscar A. Meyerson,* for Herman A. Bayern Agency, defendant, impleaded.

GENUNG, J. The Fidelity and Deposit Company of Maryland issued a bond covering plaintiff's assignor. The full premium was paid, and the H. A. Bayern Agency, brokers, who solicited the bond, were paid fifteen per cent commission. The bond was canceled before its expiration and the surety company refunded to plaintiff's assignor the unearned portion of the premium but deducted therefrom the commission of fifteen per cent which had been previously paid to the broker. Plaintiff's assignor brings this action against the surety company for the fifteen per cent of the return premium which had been deducted. The defendant surety company has brought in the brokers as a defendant, claiming that if it is liable then, in that event, the brokers will in turn be liable to the surety company for the amount which it may be compelled to pay to the plaintiff. The bond contained the following clause:

" 10. This bond shall terminate (a) ten days after the receipt by the Insured of a written notice from the Company of its desire to terminate this bond, or (b) immediately upon the receipt by the Company of a written request from the Insured to terminate this bond, or (c) Immediately upon the taking over of the Insured by a receiver or other liquidator or by State or Federal officials, or (d) immediately upon the taking over of the Insured by another institution. In the event of such termination, the Company shall on demand, refund to the Insured the unearned premium computed *pro rata*, and such return premium shall be returned to the Company in case of payment of a loss hereunder."

The above facts are stipulated.

It is clear that in view of the clause in the bond, the insured was entitled to the return of the gross *pro rata* unearned premium, there being nothing in the bond to permit deductions by the surety company for commissions paid to the brokers. Besides, brokers must look to the surety company for payment of commissions and not to the insured. The act of the surety company in refunding a net return premium is in fact compelling the assured to pay the commission. The surety company, therefore, has no defense to the action brought by this plaintiff. The broker, however, may only retain the commission up to the time of cancellation and must return the balance of the commission.

In *Degnan* v. *General Accident F. & L. Assurance Corp., Ltd.* (161 App. Div. 439; 221 N. Y. 484), it was held that the broker is entitled to commission only up to the cancellation of the policy. MCLAUGHLIN, J., said in his opinion: " These policies contained the usual clause giving the right of cancellation to both the assured and the company. The fact is undisputed, and the court so instructed the jury, that if the assured exercised this right, and the

insurance company in cancelling the policies acted in good faith, then the plaintiff was not entitled to recover."

In the case of *American Steam Boiler Insurance Company* v. *Anderson* (130 N. Y. 134) it was held that an insurance company can recover from its agent the commission upon the unearned portion of the premium which was returned to the insured.

In the case of *Ryder Gougar* v. *Garretson* (53 Wash. 71; 101 Pac. 498) the court found that when an insurance company cancels a policy and directs its agent to return the premium which has not as yet been remitted to the company, and the agent does as directed, he may recover from another agent who procured the insurance that portion of the premium paid the latter as commission.

Judgment must be accordingly rendered for the plaintiff against the defendant Fidelity and Deposit Company of Maryland in the sum of $818.43, with interest and costs, and judgment in favor of the Fidelity and Deposit Company of Maryland in the same amount against the defendant H. A. Bayern Agency.