[No. 26393. Department One. March 25, 1937.]

AETNA LIFE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, *Appellant*, v. FREDERICK C. MOSER et al., *Respondents*. [1]

*J. Speed Smith* and *Henry Elliott, Jr.,* for appellant.
*Isham N. Smith,* for respondents.

BLAKE, J.—The defendant Frederick C. Moser, at all times with which we are concerned, was a life insurance agent, under contract with the New York Life Insurance Company. He was a large producer, and frequently presented risks larger than that company cared to underwrite. He was obligated, however, to submit to it any proposed risk, and give it the opportunity of accepting and underwriting the risk in whole or in part. In case the company accepted the risk only in part, defendant had the right to select the companies to which the balance of the risk should be submitted.

In the fall of 1934, defendant obtained an application from one of his clients for life insurance in the amount of $175,000. The New York Life Insurance Company elected to take only $50,000. The balance

[1]Reported in 65 P. (2d) 1277.

was distributed among three other companies, including the plaintiff. This company wrote a policy for $25,000, and sent it to defendant for delivery to the insured.

Accompanying the policy was a commission agreement, signed by the general agent of plaintiff. It was stipulated in the agreement that acceptance of it by defendant constituted an acceptance of all its terms and conditions. Under the terms of the agreement, defendant was entitled to fifty per cent of the first year's premium as a commission. He was also entitled to five per cent of the premiums for the second and subsequent eight years of insurance. It was stipulated in the agreement, however, that:

"Agent further agrees that if for any reason premium is returned to insured by Company, he will return to General Agent or Company, on demand, all commissions received by him under this agreement."

Defendant delivered the policy to the insured, and collected the first year's premium ($2,332.75), which he remitted to plaintiff. Thereafter, plaintiff paid defendant $1,166.38, as his commission on the premium.

Shortly thereafter, plaintiff and the other three companies, conceiving that the insured had made certain misrepresentations in the application with respect to a physical condition, took steps toward canceling their respective policies. Negotiations to that end were carried on over a period of several weeks between the insured and her representatives and a common representative of the four companies. As a result of the negotiations, the insured surrendered the policies upon the re-payment to her of the amount of the premiums, with interest.

Thereafter, plaintiff made demand on defendant for the return of the commission he had received. Upon his refusal to comply with the demand, plaintiff

brought this action to recover $1,166.38, under the above quoted clause of the commission agreement.

Answering the complaint, defendant set up two affirmative defenses. The substance of the first was that the compromise between plaintiff and the insured was made without his consent and over his protest— he at all times during the controversy claiming the commission was earned, and asserting his right to retain it. In the second, he re-alleged the facts set out in the first, and further alleged that plaintiff is estopped from asserting any right to recover the commission paid.

The cause was tried to the court, which made findings favorable to defendant and entered judgment dismissing the action. Plaintiff appeals.

The terms of the commission agreement are plain and unambiguous. By it, the respondent agreed to return all commissions received by him, if for any reason the premium was returned to the insured. The substance of respondent's contention, which was adopted by the trial court, is that this clause should be construed to mean any *good* reason; that the burden was upon appellant to establish a *good reason* for returning the premium, and it failed to do so; that, the commission having been fully earned, the company and the insured could enter into no agreement, without his consent, which would defeat his right to retain the commission.

Respondent has cited many cases dealing with the right of brokers to commissions in the sale of real and personal property. We shall not undertake to review them, for we think the subject of this controversy is fully covered in cases dealing with the rights of insurance agents to recover or retain commissions earned.

It may be conceded to be the rule that, in the

absence of specific agreement to the contrary, an agent is entitled to recover and retain a commission when he has performed all of the services contemplated by the agency or commission agreement. *Reed v. Union Central Life Ins. Co.*, 21 Utah 295, 61 Pac. 21; *Kortright v. Mutual Life Ins. Co.*, 123 Neb. 746, 243 N. W. 904.

But it is equally well settled that, if the agent agrees to forego or surrender his commission in the event of cancellation of the policy or repayment of the premiums to the insured, he will be held to his agreement. *Milwaukee Mechanics' Ins. Co. v. Warren*, 150 Cal. 346, 89 Pac. 93; *National Union Fire Ins. Co. v. Nason*, 21 Cal. App. 297, 131 Pac. 755; *Salley v. Amicable Life Ins. Co.*, 4 S. W. (2d) (Tex. Com. App.) 35; *Hill v. Aetna Ins. Co.*, 180 Ark. 401, 21 S. W. (2d) 180; *Independence Indemnity Co. v. Dreyfus*, 49 F. (2d) 599.

This court has held such agreements valid and enforcible. *Ryder-Gougar Co. v. Garretson*, 53 Wash. 71, 101 Pac. 498, 132 Am. St. 1053.

In *Butler v. New York Life Ins. Co.*, 45 Wash. 141, 87 Pac. 1119, this court was confronted with a problem so closely analogous to that here presented as to make that decision controlling here. There, the commission contract provided that the agent should receive commissions on second year premiums which should be collected during the time he continued as agent. Having severed his relations with the company before second year premiums were collected, he nevertheless sought to recover them. In the course of the opinion, the court said:

"The record does not disclose the ground upon which the trial court rested its judgment, but possibly it was thought the commissions were earned, and that the right to them would not terminate on the termination of the relations of the parties created by the contract. What would be the rights of the parties under

the circumstances were the contract silent on the question might be debatable, but the contract is not silent. It plainly provides that the respondent shall recover commissions only on second year premiums which are collected during his continuance as agent of the appellant, not those that might be collected after his agency ceased. The parties had a right to make their own contract with reference to the compensation to be paid by the one to the other, and their contract must be upheld by the courts in the absence of a showing that by mutual mistake or fraud the writing does not express the actual agreement made by the parties. There was no such showing here.''

Applying the rule to the facts of this case, it is clear that respondent, under the explicit terms of his agreement, is bound to return the commission paid him.

So far as estoppel is concerned, we find nothing in the record which establishes any element of that defense.

The judgment is reversed, and the cause remanded with directions to enter judgment for appellant in accordance with the prayer of its complaint.

STEINERT, C. J., GERAGHTY, MAIN, and MILLARD, JJ., concur.