Ferguson et al. vs. Doxey.

## FERGUSON ET AL. v. DOXEY.

———— COURT COMMON PLEAS : *Appeal from.*
There is but one way of taking an appeal from the Court of Common Pleas to the Circuit Court, and it must be moved for and taken at the term at which the judgment is rendered.

APPEAL from *Prairie* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.
*Compton*, for appellant.
*Gatewood, contra.*

HARRISON, J. :

The appellee recovered judgment in the Court of Common Pleas of Prairie county, at the April term, 1877, against appellants for the sum of $107. Appellants made no motion for an appeal, and none was granted at the term ; but they filed

with the clerk, in vacation, and within thirty days after the judgment was rendered, an affidavit and bond for an appeal, and he transmitted the original papers, with the affidavit and bond and a certified transcript to the clerk of the Circuit Court, as in cases of appeal.

The Circuit Court, on motion of the plaintiff, dismissed the case because no appeal had been taken.

The defendant appealed to this court.

It is insisted that an appeal to the Circuit Court was properly taken; that section 17 of the act of December 14, 1875, establishing Courts of Common Pleas in Prairie and certain other counties, provides two modes of taking an appeal from the Court of Common Pleas to the Circuit Court;—one as a matter of right upon a motion filed therefor at the term at which judgment was rendered, and the other, as was done in this case, by filing the affidavit and bond with the clerk, and without any action of the court.

The section is as follows:

"Sec. 17. That any person aggrieved by any judgment rendered by any of said courts, except a judgment of dismissal for want of prosecution, may, in person or by agent, take an appeal therefrom to the Circuit Court of the county upon complying with the following requisites:

"*First*—The appellant or agent shall make and file with the clerk an affidavit that the appeal is not taken for the purpose of delay, but that justice may be done.

"*Second*—The appellant, or some person for him, together with one or more securities, to be approved by the clerk, must enter into an obligation to the adverse party in a sum sufficient to secure the payment of such judgment and the costs of appeal.

"*Third*—The appeal shall be granted by the court as a matter of right, upon motion filed at the same term of the court at

which the judgment was rendered ; and the entering of the order granting the appeal shall be a sufficient notice to the adverse party that an appeal has been taken.

"*Fourth*—In order *to make the appeal effective*, the affidavit and bond for the appeal must be filed with the clerk within thirty days after the appeal is granted ; and upon the filing of said affidavit and bond, all further proceedings in said court shall be suspended ; *provided*, that either party may appeal without giving any bond ; but in such cases the judgment shall not be suspended."

The language of the section is too plain and explicit to require or admit of any construction. Obviously there is but one way of taking an appeal provided, and it must be moved for and taken at the term at which the judgment is rendered.

The Circuit Court having acquired no jurisdiction of the case, it was properly dismissed.

Judgment affirmed.