## Katz v. Goldman.

Opinion delivered November 6, 1897.

COMMON PLEAS COURT—NECESSITY OF MOTION FOR APPEAL.—The requirement in the act of March 9, 1887 (relating to the organization of a court of common pleas in Arkansas county), that a written motion for appeal from such court should be filed is directory, and an appeal, otherwise properly granted, will not be dismissed for want of such written motion. (Page 397.)

Appeal from Arkansas Circuit Court.

JAMES S. THOMAS, Judge.

*H. A. & J. R. Parker*, for appellants.

No written motion is necessary for an appeal from the common pleas court to the circuit court. Acts 1887, pp. 74–79, § 12; Sand. & H. Dig., § 5889; 41 Cal. 650; 3 Estee, Pl. & Forms, 146; 15 Am. & Eng. Enc. Law, 892; Abbott's Law Dictionary. The steps set out in the statute for the taking of an appeal are directory. The affidavit takes the place of the motion. 47 Ark. 31; 50 *ib.* 444. The presumption is in favor of the correctness of the entries on the records of the court of common pleas. 53 Ark. 476.

*M. J. Manning* and *J. P. Lee*, for appellant.

The law regulating the taking of appeals from the common pleas to the circuit court says that they shall be granted "on motion filed." Acts 1887, p. 77; 33 Ark. 663; 38 Ark. 165. An oral motion does not fulfill the requirements of this law. 6 Ark. 208; 12 Ark. 62; 21 Ark. 578; 4 Ohio, 88; 32 Pac. 614; 51 Fed. 130.

BUNN, C. J.  This is a suit begun by Ernestine Katz in one of the justice-of-the-peace courts of Arkansas county to establish a landlord's lien, and for rent.  On motion the case was transferred to the common pleas court of that county, where Goldman & Co. filed their interplea, claiming the property by virtue of a mortgage.

The case was tried by the court sitting as a jury, and judgment was given to the interpleaders for so much of the property as would satisfy their debt, and for plaintiff and against defendant for a certain amount.  The property was ordered sold, and the proceeds to be applied, first, to Goldman & Co.'s debt, and then to that of plaintiff, Ernestine Katz.  The record then goes on to say:  "The said plaintiff, by her agent, Moses Katz, filed herein her affidavit for an appeal, and also her bond, which is here in open court examined and approved as good and sufficient; and said plaintiff prays an appeal to the circuit court of Arkansas county from the judgment, both as to that part of it which is in favor of said interpleaders, and also so much as is against said defendant, which said appeal is granted, and the clerk hereof is commanded to deliver all of the original papers in the above-styled cause to the clerk of said circuit court."  In the circuit court, appellees moved the court to dismiss the appeal because the same had not been taken as the law (the act of 1887 organizing the common pleas court) directs, in this, that no written motion was made and filed in the common pleas court; contending that such written motion, duly filed, was a prerequisite to the grant of the appeal by the court. This motion was sustained, and appellants appealed to this court.

The 12th section of the act of March 9, 1887, organizing the common pleas court of Arkansas county, reads:  " That

any person aggrieved by any judgment rendered by said courts, except a judgment of dismissal for want of prosecution, may in person, by agent or attorney, take an appeal therefrom to the circuit court of the county, upon complying with the following prerequisites: First, the appellant, agent or attorney, shall make and file with the clerk an affidavit that the appeal is not taken for delay, but that justice may be done. Second, that the appellant or some person for him, together with one or more securities to be approved by the clerk, shall enter into bond with the adverse party in a sum sufficient to secure payment of such judgment and the costs of appeal. Third, the appeal shall be granted by the court as a matter of right upon motion filed at the same term of the court at which judgment was rendered, and the entering of the order granting the appeal shall be a sufficient notice to the adverse party that an appeal has been taken."

The requirement of the statute that a motion be made and filed (implying that it be in writing) is directory to the court, for when the affidavit and bond for appeal are filed, and the court's attention is called to them, the appeal goes as a matter of course. Here the record showed that, upon filing the affidavit and bond, appellant prayed an appeal from the judgment to the circuit court, and after examination the bond was approved, and the appeal granted. The act provides that the entering of the order granting the appeal shall be notice to the adverse party that an appeal has been taken. The filing of a written motion could answer no other purpose than call the attention of the court to the fact that the affidavit and bond had been filed, and that an appeal was asked; for the entry of the order of appeal is notice to the opposite party.

The case of *Ferguson* v. *Doxey*, 33 Ark. 663, relied on to sustain appellees' motion to dismiss the appeal, was a case wherein appellants made no motion for an appeal in the common pleas court (and none was granted), but filed with the clerk thereof, in vacation, within thirty days after the judgment was rendered, an affidavit for an appeal; and upon that he transmitted the original papers, with the affidavit and bond and certified transcript, to the clerk of the circuit court, as in cases of appeal. The motion in the circuit court to dismiss was sus-

tained, and judgment of dismissal rendered and appealed to this court, and the judgment was affirmed, this court saying: "Obviously, there is but one way of taking an appeal provided, and it must be moved for and taken at the term at which judgment is rendered. This not having been done, the circuit court acquired no jurisdiction." The clerk could not grant the appeal under the act, and only the common pleas court could, and in the case at bar the appeal was granted by the court at the term at which the judgment was rendered.

The circuit court erred in dismissing the appeal. The judgment is reversed, and cause remanded to be proceeded with according to law.