DRAINAGE DISTRICT NO. 7 OF CRAIGHEAD COUNTY *v.* STUART.

Opinion delivered May 13, 1912.

1. DRAINS—APPEAL FROM ORDER ESTABLISHING DISTRICT.—Under Kirby's Digest, § 1428, governing appeals to the circuit court from orders establishing drainage districts, it is necessary: (a) That appellant pray an appeal, which must be granted at the same term of court; (b) that the court fix the amount of the appeal bond, and such order be spread upon the record; (c) that there be a motion in writing specifying the matters appealed from, and that such motion be spread upon the record. (Page 116.)

2. SAME—FINAL ORDER—TIME TO APPEAL.—An order of the county court forming a drainage district is a final order; and an appeal to the circuit court must be taken during the term of the former court. (Page 117.)

3. SAME—APPEAL—ORDER GRANTING.—An order of the county court establishing a drainage district which states that the affidavit and bond of appellant to the circuit court were examined, approved and prayer granted, is not the granting of a prayer for appeal within Kirby's Dig., § 1428, providing for appeals to the circuit court. (Page 117.)

4. SAME—APPEAL FROM ORDER ESTABLISHING DISTRICT—REQUIREMENTS.—The requirements of Kirby's Digest, § 1428, authorizing appeals to the circuit court from orders of the county court establishing drainage districts, as to the manner of taking same, are essential to the jurisdiction of the circuit court on appeal, and can not be waived, as by a failure to move to dismiss. (Page 118.)

Appeal from Craighead Circuit Court, Western District; *Frank Smith,* Judge; reversed.

STATEMENT BY THE COURT.

On the 6th day of July, 1909, a petition was filed in the county court of Craighead County for the formation of a drainage district under the provisions of chapter 46, sections 1414 to 1450, inclusive, of Kirby's Digest. On the 5th of April, 1910, James A. Stuart and others became parties to the proceeding by filing their remonstrance against establishing the district. On the 3d day of September, 1910, the county court made a final order establishing the district. On the 10th day of September, 1910, Stuart and others filed

an affidavit and bond for appeal. The bond was signed by the remonstrants, Stuart and others, but no one signs the bond who is designated therein as surety. The bond shows that it was approved by the county judge October 5, 1910. The indorsement on the affidavit and bond is as follows: "On this day the affidavit and bond of J. W. Stuart for appeal from the judgment of the county court in the matter of Drainage District No. 7 is by the court examined and approved, and prayer granted."

On February 20, 1911, F. M. McGowan and others filed in the office of the county clerk an affidavit in which they set up "that they were owners of lands upon which assessments had been made for the construction of Drainage District No. 7 of Craighead County, Arkansas, and that they felt aggrieved at the judgment and order rendered in the said cause confirming the final report of the viewers and civil engineers and the assessments against their lands and ordering the sale of the said construction; and that this affidavit is made for the purpose of obtaining an appeal from said order and judgment to the circuit court of Craighead County."

The county court entered an order on February 20, 1911, in which it is recited, among other things, "that the appeal prayed for is hereby granted upon petitioners giving bond."

Counsel entered into the following stipulation: "It is agreed by counsel representing the respective parties that the bond of J. A. Stuart may be treated in this case as the bond of F. M. McGowan and J. A. Burkeen *et al.*, who filed their affidavit for appeal in the Craighead County Court on February 11, 1911. The attorney for the ditch district does not thereby concede in any measure the fact that McGowan and Burkeen had properly perfected their appeal."

Before going to trial in the circuit court, the attorney for the drainage district filed a motion to dismiss the appeal, in which it is alleged "that the prayer for appeal does not state the matters appealed from and does not specify a single particular matter of which they are aggrieved in their motion for appeal; that the motion and prayer for appeal were not in the manner and form prescribed by statute;" and, further, "that the prayer for appeal was not filed at the time and in the manner prescribed by statute; that the order granting the

appeal was not filed within time to give the court jurisdiction; that no bond had been filed for costs; that the prayer for appeal and order granting said appeal were not of record within the time as required by law; that the appeal does not specify the matters appealed from as required by law. Wherefore appellee prays that this appeal be dismissed for want of jurisdiction." The circuit court did not rule on the motion.

The court heard the cause upon the record of the county court incorporating and organizing the drainage district, and upon oral evidence, which is set forth in the bill of exceptions; and the court found that the district was illegally established, and entered a judgment releasing the owners of the property "from the payment of any cost or tax extended against their property on account of the proposed betterments."

The appellant filed a motion for a new trial, in which it assigned as error "the overruling of the motion of appellee (appellant here) to dimiss the appeal of Stuart and McGowan," and "that the judgment was against the weight of the evidence, and was void in attempting to dissolve the drainage district."

*Basil Baker*, for appellant.

Petitioner Stuart *et al.* never having filed any motion, prayer or affidavit for appeal, and no appeal having been granted in their behalf, the circuit court was without jurisdiction as to them, for these reasons. 128 S. W. 1025; 102 S. W. 362.

As to the petitioners F. M. McGowan *et al.*, there was clearly no compliance with the statute governing appeals to the circuit court in proceedings of this nature. Kirby's Dig., § 1428. And the filing by them on the day the case was heard in the circuit court of specifications of the matters appealed from did not cure the defect and confer jurisdiction.

*Huddleston & Taylor* and *Hawthorne & Hawthorne*, for appellees.

The circuit court had jurisdiction. The motion to dismiss the appeals will be treated as abandoned. Kirby's Dig., § 1488; 69 Ark. 48; 31 Ark. 489; 62 Ark. 318; 59 Ark. 177.

WOOD, J., (after stating the facts). The circuit court

was without jurisdiction, and should have dismissed the appeal.

Section 1428, Kirby's Digest, the drainage law under consideration, provides as follows: "Any person or corporation may appeal from the order of the court (establishing the district), and upon such appeal may determine either of the following questions:

"*First*, whether such improvement will be conducive to health, convenience or welfare, or the location of any part changed.

"*Second*, whether the route is practicable.

"*Third*, whether the compensation has been allowed for property appropriated.

"*Fourth*, whether proper damages have been allowed or property affected by the improvements.

"The appellant shall pray an appeal to the circuit court and file a motion in writing specifying therein the matters appealed from; which motion shall be filed and recorded. The county court shall then fix the amount of bond to be given by the appellant, and cause an order thereof to be made on their record. The party appealing shall within ten days thereafter file with the county clerk a bond in the amount fixed by the county court, with at least two good and sufficient sureties to be approved by the clerk, conditioned to pay all costs made on the appeal in case the appellant fails to sustain the same or the appeal be dismissed for any reason, and the said clerk shall make a complete transcript of the proceedings had before the county court and certify the same with all the original papers filed in his office and file them in the office of the clerk of the circuit court within thirty days from the day of filing said bond."

It will be observed that the above statute requires that the "appellant shall pray an appeal to the circuit court and file a motion in writing specifying the matters appealed from, which motion shall be filed and recorded."

This statute requires that the prayer for appeal, and motion in writing specifying therein the matters appealed from, and the order granting the appeal, shall precede the making of the bond required by the statute and the order fixing the amount of the bond. It also requires that, after the appeal is prayed

for and the motion in writing specifying the matters appealed from is made, the county court shall enter an order upon its record fixing the amount of the bond.

There is nothing in the record to show that there was any motion made in writing specifying the matters appealed from, or any prayer for appeal made, or any order of the court granting an appeal, or any order of the court fixing the amount of the bond entered upon record as the statute requires.

The bond required to be filed with the clerk within ten days after the order of the court fixing the amount thereof does not have to be spread upon the record, under the statute, but the order fixing the amount must be put upon the record, and the motion specifying the matters appealed from must be in writing and also recorded.

We are of the opinion that the whole statute, taken together, clearly shows that it was the intention of the Legislature to have the record of the county court show that that court had granted an appeal, and that the record should show that a motion was made in writing, specifying therein the matters appealed from. The statute expressly provides that such motion shall be in writing, and that it shall be recorded. Whether or not this motion can be waived, we need not decide.

The order fixing the amount of the bond must, of course, be placed upon the record before any bond is given, and this order is tantamount to the granting of the prayer for the appeal, but it must be made at the term of the court when the final order establishing the drainage district is entered. The order forming the district is a final order, and the court loses control of its judgment as to that after the lapse of the term. An appeal can not be granted or taken from such final order after the lapse of the term, under the above statute.

The order of the court in which it is stated that the affidavit and bond were "examined, approved and prayer granted" was not made until October 5, 1910, the next regular term of the county court after the final order establishing the drainage district. If this order could be considered as an order granting the appeal, then the anomalous condition arises that the clerk certified a complete transcript of the proceedings had before the county court, with the original papers, etc., on the 3d day of October, 1910, as shown by his certificate, and

this was two days before the order granting the appeal and authorizing the transcript to be filed had been made.

Under the statute, the court must grant the appeal, and not the clerk. The order fixing the amount of the bond, which is equivalent to granting the appeal, must be entered as before stated, at the term when the final order is made establishing the district.

In *Ferguson* v. *Doxey*, 33 Ark. 663, a statute in regard to appeals from the court of common pleas provided: "Third. The appeal shall be granted by the court as a matter of right upon motion filed at the same term of the court at which the judgment was rendered." The court said: "Obviously, there is but one way of taking an appeal provided, and it must be moved for and taken at the term at which the judgment is rendered." As this was not done, the court held, in that case, that the circuit court acquired no jurisdiction.

These statutory requirements are essential to jurisdiction, and therefore they can not be waived. This is a special statutory proceeding, and, the statute having prescribed the manner in which the appeal shall be taken, it supersedes the general statute upon the subject of appeals from the county court, as contained in section 1487 of Kirby's Digest. The statute prescribing the method for taking appeals in these cases must be followed substantially in order to give the court jurisdiction.

The decisions of this court holding that a failure to make a motion to dismiss and to have the circuit court rule on the motion is a waiver of the affidavit or some other statutory requirement for an appeal under the general statutes regulating appeals can not have any application here, for the reason, as stated, that this is a special statutory proceeding and the method prescribed therein is mandatory and jurisdictional, and can not be waived. Ex parte *Morton*, 69 Ark. 48; *James* v. *Dyer*, 31 Ark. 489; *Crenshaw* v. *Bradley*, 52 Ark. 318, and *Elder* v. *Crabtree*, 59 Ark. 177, cited by learned counsel for appellees, are as to appeals under the general statute, and are therefore not in point. Under the general statute, the filing of an affidavit for appeal is not jurisdictional, and therefore may be waived by failure to have the trial court

rule on a motion to dismiss, embodying in the motion such objection.

The record in this case fails to show that there was a prayer for an appeal which was granted by the county court. This court has often held that; in order to invest a court to which an appeal is taken with jurisdiction, it is necessary that it appear that the appeal was prayed for and granted in the lower court. See *Walker* v. *Noll*, 92 Ark. 148; *Matthews* v. *Lane*, 65 Ark. 419; *Adams* v. *Hepman*, 27 Ark. 156: *Neale* v. *Peay*, 21 Ark. 93.

The judgment is therefore reversed, and the cause remanded with directions to dismiss the appeal.

HART, J., dissents.