HILL *v.* ÆTNA INSURANCE COMPANY.

Opinion delivered November 4, 1929.

*J. G. Thweatt & Sons,* for appellant.
*W. L. Jean* and *Clayton & Cohn,* for appellee.

MEHAFFY, J. On March 21, 1928, the appellees filed their complaint in the common pleas court against the appellants, asking judgment in the sum of $191.42 and interest.

Roy F. Hill, one of the appellants, had entered into a contract with appellees whereby he agreed to write fire and tornado insurance as agent, and was to receive as his commission 20 per cent. of the premium on all policies written; it was the contention of appellee that, according to the contract, appellant would return to plaintiff any unearned commission paid on that part of the premium returned to assured, either on a policy or application for same after cancellation. It was also alleged that a bond was executed by Roy F. Hill, as principal, and the other appellants, Joe K. Hill and Glynn P. Hill, as sureties.

The defendant answered, and denied there was anything due under the contract and bond.

The case was heard on the 14th day of May, 1928, and the court found for appellants, and judgment was entered on that date. The court adjourned on the afternoon of May 14. Before the court adjourned, however, attorney for appellee prayed an appeal in open court to the circuit court of Prairie County, and the court granted the appeal. The undisputed facts, however, show that he did not enter the order or mark his record showing the appeal granted, but he testified that he meant to do so. The court also told the attorney for the appellee that it would be all right for him to go back to Little Rock, and prepare his motion and affidavit for appeal and mail them back to DeValls Bluff to be filed of record. The attorney for appellee came to Little Rock, prepared the affidavit, and on the same day, the 14th of May, wrote a letter to the clerk of the common pleas court of Prairie County, DeValls Bluff, Arkansas, inclosing the affidavit for appeal. The clerk, however, did not get this affidavit from the postoffice until the morning of the 15th. The attorney for appellee told the court that he would go to his office and fix up the affidavit and mail it right back, and the court said that would be all right. He immediately went to Little Rock, prepared the motion,

and sent it back to the clerk. This was done about 1:30 in the afternoon of the 14th, and, in the ordinary course of the mails, should have reached the clerk's office at DeValls Bluff that afternoon.

The clerk testified that court met on May 14 and closed the same day, and that that was the day that the case was tried, and that the records did not show any motion and affidavit by the Ætna Insurance Company on that day. It does show that it was filed on the 15th. He testified that he received it in the morning's mail May 15. He said he did not know whether it came to DeValls Bluff about 3:30 or 4 o'clock on May 14, but it might have done so. He did not get it until next morning.

The transcript was filed in the circuit court, and, when the case was called in circuit court, appellants moved to dismiss the appeal on the ground that a written motion for appeal was not filed, and the appeal was not granted by the common pleas court at the term when the cause was tried. The court heard evidence, and sent the case back to the common pleas court, directing the common pleas court to enter a *nunc pro tunc* order as of May 14, 1928. The common pleas court had the order entered, and it showed the granting of the appeal on the 14th day of May to the circuit court. When the case came on for hearing again in the circuit court, after this *nunc pro tunc* order was entered, the appellants again filed a motion to dismiss, which the court overruled, and, after hearing the evidence, directed a verdict in favor of appellee.

The appellants first contend that the motion to dismiss the appeal should have been sustained. The common pleas court of Prairie County was created by act 61 of the Acts of 1875, and this act prescribes the procedure for taking an appeal from a judgment of the common pleas court. The act provides that any person aggrieved may appeal upon complying with the following requisites: (1) The applicant (appellant) or agent shall make and file with the clerk an affidavit that the appeal is not taken for the purpose of delay, but that justice may be done. (2) The appellant, or some person for him, together with one

or more securities, to be approved by the clerk, must enter into an obligation to the adverse party in a sum sufficient to secure the payment of such judgment and the costs of appeal. (3) The appeal shall be granted by the court as a matter of right, upon motion filed at the same term of the court at which the judgment was rendered; and the entering of the order granting the appeal shall be sufficient notice to the adverse party that an appeal has been taken. (4) In order to make the appeal effectual, the affidavit and bond for appeal must be filed with the clerk within thirty days after the appeal is granted; and, upon the filing of said affidavit and bond, all further proceedings in said court shall be suspended; provided, that either party may appeal without giving any bond, but in such cases the judgment shall not be superseded.

It is the contention of the appellants that the appeal was not properly taken, and he cites and relies on the case of *Ferguson* v. *Doxie*, 33 Ark. 663. In that case, however, the court said: ''Appellants made no motion for an appeal, and none was granted at the term. But they filed with the clerk in vacation, and within thirty days after the judgment was rendered, an affidavit and bond for an appeal, and he transmitted the original papers with the affidavit and bond and a certified transcript to the clerk of the circuit court as in cases of appeal.''

In that case no appeal was granted by the court, and no request was made, and no motion was made during the term. The act provides that the court, and not the clerk, may grant the appeal, and in that case the court did not grant the appeal, and no motion was made for an appeal during the term of court. In the instant case, immediately after the decision of the common pleas court, and in open court, the appellee made a motion, and the court granted the appeal, and on the same day the affidavit was mailed to the clerk, and should have reached there about 3:30 or 4 o'clock, although the clerk did not get the affidavit until next morning.

In the case in the 33d Arkansas, as we have said, there was no motion for appeal, and the court never

granted any appeal. The appellant in that case filed a motion with the clerk after the adjournment of court, and of course the clerk had no authority to grant an appeal. In the instant case the appeal was granted by the court during the term, although no record was made of it. But a party could not be deprived of his right to appeal simply because the officer failed to note it on the record. The appeal was granted when the motion was made.

We said in a recent case: "The judgment of the court is the pronouncement of the judge upon the issue submitted to him. When spoken, it is the court's judgment. Necessarily, the giving of the judgment must precede its historical engrossment. The clerk of the court executed the mechanical act of recording in some manner so as to give permanence to the evidence of the judgment that the court has delivered." *McConnell* v. *Bourland,* 175 Ark. 253, 299 S. W. 44.

The same thing may be said with reference to the court in granting the appeal in this case. The pronouncement of the judge, when the motion was made granting the appeal, was all that was necessary for him to do.

We also said in the above case: "It has been said that it must be manifest that the record is not the judicial act. It is only historical. Its practical use is evidential. * * * A decree becomes effective from the day of its rendition, and not from the day of its entry on record. Where a judgment or decree has been actually rendered but not entered on the record, in consequence of an accident or mistake, or the neglect of the clerk, the court has power, at a subsequent term, to order that the judgment or decree be entered of record *nunc pro tunc,* provided the fact of its rendition is satisfactorily established."

The undisputed proof in the instant case shows that the appeal was actually granted. Therefore it was proper to require the judge of the common pleas court to enter it of record *nunc pro tunc.*

The appellant next calls attention to the case of *Katz* v. *Goldman,* 64 Ark. 395, 42 S. W. 901. In that case the

court said that the requirement of the statute that a motion be made and filed (implying that it be in writing) is directory to the court, for when the affidavit and bond for appeal are filed and the court's attention is called to them, the appeal goes as a matter of course. And in the Katz case, above referred to, the court said, in reference to the case of *Ferguson* v. *Doxie, supra*: "The appellants in that case made no motion for appeal in the common pleas court." And the court further said, in speaking of the dismissal: "Obviously there is but one way of taking an appeal provided, and it must be moved for and taken at the term at which judgment is rendered. This not having been done, the circuit court acquired no jurisdiction. The clerk could not grant the appeal under the act, and only the common pleas court could, and in the case at bar the appeal was granted by the court at the term at which the judgment was rendered. The circuit court erred in dismissing the appeal."

The same is true in the instant case. The clerk could not grant the appeal, but the appeal was granted by the court at the term at which the judgment was rendered. We think there was a substantial compliance with the statute, and that the appeal was properly taken.

The fourth paragraph of the act providing for an appeal in act 61 of the Acts of 1875 provides: "In order to make the appeal effectual, the affidavit and bond for appeal must be filed with the clerk within thirty days after the appeal is granted." The appeal might have been granted by the court as it was in this case and the affidavit and bond filed any time within the thirty days.

Appellant next calls attention to the case of *Drainage Dist.* v. *Stuart,* 104 Ark. 113, 147 S. W. 460, as authority to sustain his contention that the circuit court could obtain no jurisdiction unless an appeal was actually granted. This is true. Unless an appeal was actually taken, the circuit court would of course acquire no jurisdiction.

Appellant argues that the court cannot extend the time for filing the motion. But it is of course immaterial in this case whether that is correct or not, because time

to make the motion for an appeal was not extended, and the appeal was granted on the day the judgment was entered, and time was given merely for filing the affidavit, which the statute itself says may be filed within thirty days.

It is next contended by the appellant that the court should have directed a verdict for him. There is no dispute about the contract entered into between Roy F. Hill and the appellee, and no dispute about the bond. There is a dispute about the indebtedness; that is, about the construction of the contract. The contract in regard to the cancellation of policies and the return commission reads as follows: ''In case of cancellation of any policy, the party of the second part agrees to return to the party of the first part any unearned commission paid him on that part of the premium returned to the assured on such canceled policy or the application for same; said unearned commission to be paid to party of the first part on or before the 15th of the month next following the month in which such policies or applications are canceled.''

It is contended by the appellant that, by the terms of the contract, appellant was not to return unearned commissions on policies canceled by the appellee, but he was to return unearned commissions on the part of the premiums that had been returned to the assured, and that, unless such parts of premiums had been returned and until the same had been returned, there could be no duty on appellant to return any commissions. The obligation under the contract was upon the appellee to return the premiums, and it is admitted by appellant that, if it had returned the premiums to the assured, that the appellant would have to return the unearned commissions. We think that under the contract the appellant, Roy F. Hill, was liable for the unearned commissions which he had collected.

The testimony showed that when the policy was canceled they returned to the insured $32.40, and the $6.48 which was due from Hill, 80 per cent. going to the company and 20 per cent. to Hill. Only one policy was in-

troduced, and the court asked if there was any dispute as to the amount due the company. The attorney for the defendant stated: ''The amount is correct. But we contend that we don't owe it.'' The attorney for the appellee said: ''The total amount we claim due the company is $191.42.''

It is unnecessary to set out all the testimony here, but we think the testimony was sufficient to justify the court in directing a verdict for the appellee.

The judgment of the circuit court is therefore affirmed.