## American Insurance Company v. Bean et al.

(Decided December 13, 1929.)

COLEMAN & LANCASTER for appellant.

E. L. COOPER for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On June 20, 1923, the appellant, American Insurance Company, and the appellee J. M. Bean, entered into a written contract wherein it was agreed that Bean should

become the local agent of the company for the purpose of soliciting insurance on farm and city property in Marshall and adjoining counties. At the same time Bean executed and delivered to the company a bond for the faithful performance of his duties under the contract. Bean acted as agent of the company under the contract until late in the year 1926, or early in 1927. The company determined to withdraw from the territory covered by Bean's agency and terminated the contract of agency and canceled all outstanding policies.

The contract signed by the company and Bean contained this clause: "This contract shall be terminated by the agent upon written notice to the Company to that effect, or at the pleasure of the said Company by its special agent, or officers, or by notice in writing addressed to the said agent at the postoffice above stated, (nothing herein contained being construed to the contrary) but the cancellation of this contract shall not terminate or change the liability of said agent to the American Insurance Company for return commissions upon unpaid notes or policies canceled or for any work, business or transaction done prior to the cancellation of said contract."

Another writing which was signed by the parties, styled "Memorandum of commission agreement," and which was attached to the agent's contract, contained the following clause: "Where policy of insurance issued upon an application taken by such agent is canceled, the commissions on the amount of return premium shall be charged back to said agent, and refunded to the company unless the amount of such commission shall have been deducted from the premium refunded to the assured."

The bond executed by the agent provided that it should be void if the principal, among other things, should "in all respects, faithfully fulfill the agreements with the said company, as well as observe and carry out the instructions which may be given to him, or them, either through its own officer or through the managers of Southern Farm Department, special or State Agents, and shall duly and properly account for and pay over to the said company all premiums, notes, and proceeds of such notes, coming into his or their hands on or for policies of insurance, and shall pay back to the said company, the commission and fees advanced to him or them, by the said company, on all notes which are not paid at maturity; and shall also refund to said company the unearned

commissions on the premiums returned under canceled policies.''

After the contract had been terminated by the company and all policies written by Bean then in force had been canceled, the company demanded of Bean the sum of $331.53, which it was claimed represented the unearned portions of commissions on canceled policies that had been collected by Bean and returned by the company to the various persons whose property had been insured. Bean refused to pay the amount claimed, and the company brought this action against him and the sureties on his bond.

The defendants in their answer alleged that the plaintiff canceled the policies of insurance, mentioned in the statement of account filed with its petition, after it had terminated and canceled the agency contract and after Bean had ceased to act as plaintiff's agent, and that therefore, under the terms of the agency contract, he was not liable to the plaintiff for any return commission on any of the policies canceled subsequent to the cancellation of the agency contract. In an amended answer the defendants alleged in substance that Bean had built up a substantial and profitable business for himself and the plaintiff and that the service rendered by him prior to the date of the termination of the agency contract was worth far more than the total amount of commissions received by him on policies mentioned in the plaintiff's account and that the plaintiff's cancellation of the agency contract was wrongful and arbitrary. Demurrers to the answer and amended answer were overruled, and the plaintiff having declined to plead further, judgment was entered dismissing its petition, and from that judgment it has prayed an appeal.

The facts in the instant case are very similar to the facts in the recently decided case of Stone v. Hartford Fire Insurance Co., 231 Ky. 264, 21 S. W. (2d) 281, in which it was held that the insurance company could terminate the agency contract at any time and compel the agent to return to the company all unearned commissions on premiums on canceled policies and notes not paid at maturity. If there is any clause in the agency contract between the company and Bean that distinguishes the contract from the one in the Stone case, it is the clause which reads as follows: ''But the cancellation of this contract shall not terminate or change the liability of said agent to the American Insurance Company for

return commissions upon unpaid notes or policies canceled or for any work, business or transaction done prior to the cancellation of said contract." It is appellee's contention that the words, "Prior to the cancellation of said contract," relate to and modify the words, "for return commissions upon unpaid notes or policies canceled," as well as the words, "for any work, business or transaction done." From a reading of the contract as a whole, it is patent that the construction contended for by appellees is not the proper construction to be placed upon the above-quoted clause. It was clearly the intention of the parties throughout the contract to reserve the right to each to terminate it at any time, and that the agent should account to the company for all unearned commissions upon unpaid notes or policies canceled.

Most of the policies written were on farm property and were for terms of three or five years. The premium for the first year was paid in cash and for the premium for each subsequent year the insured executed a note. The agent retained his entire commission out of the first premium and forwarded the notes to the company. If the construction contended for by appellees is correct, it would be possible for the agent to write a large amount of insurance, collect his entire commisions out of the first premiums, cancel the agency contract, and the company would be deprived of the right to recover from him the unearned commissions, although none of the notes were paid or the policies were canceled either by the insured or the insurer. The contract clearly does not contemplate such a result. It is the general rule that unless the intention appears otherwise, a relative word will be construed as referring to its nearest antecedent. 6 R. C. L. p. 846. There is nothing in the agency contract that indicates a contrary intention of the parties. On the other hand, the context of the contract as a whole is in conformity with this general rule of construction.

We are of the opinion that this contract cannot be distinguished from the contract in Stone v. Hartford Fire Insurance Co., supra, and that that case is controlling here. It follows that the lower court erred in overruling the demurrers to the answer and the amended answer.

Of course, if the appellees desire to contest the correctness of the account stated by the plaintiff, they may do so.

Wherefore the motion for an appeal is sustained, the appeal granted and judgment reversed, with directions to sustain the demurrer to the answer and the answer as amended.