HOUSTON v. AMERICAN INSURANCE COMPANY.

Opinion delivered September 22, 1930.

George W. Reed, for appellant.

M. E. Vinson and Charles Q. Kelley, for appellee.

BUTLER, J. Appellee company, plaintiff in the court below, brought this suit alleging that the appellant Houston was employed by it in May, 1924, as its agent to solicit and write insurance and at the time of the employment a written contract and commission agreement was entered into, and an agency bond executed by Houston with the appellants Jones, Battin and Goodman as sureties thereon. A copy of the contract was attached to the complaint as Exhibit A, a copy of the commission agreement as Exhibit B, and a copy of the agency bond as Exhibit C. It was further alleged that by the terms of the contract with the appellant Houston the appellee reserved the right to cancel any policy of insurance procured by him and to return to the insured the unearned premium and to charge and collect from its said agent the unearned commission on the premium returned; that it was stipulated in the contract of agency that the agent might terminate the contract upon notice to the appellee company, and that the contract might be terminated "at the pleasure of the company"; that to secure the performance of the terms of the contract the appellant Houston was required to, and did, execute a bond with the appellants Jones, Battin and Goodman as sureties,

222

in which bond among other things the maker and sureties became bound for the "refund to the company of the unearned commissions on the premiums returned under canceled policies." The complaint further alleged that from time to time during a period of nearly four years the appellee company canceled policies written at the solicitation of the appellant Houston, returned the unearned premium to those insured and charged to Houston's account with it the unearned commissions on such premiums refunded, and filed with its complaint an itemized list of the canceled policies, giving opposite each policy a detailed statement of the facts regarding it including the amount of full premiums received, amount of same returned and the amount of the commissions due to be refunded on the unearned premiums. It was alleged that the total of the unearned commissions due amounted to $898.04, that the agent Houston had failed to repay same, and that because of this the agency of Houston was canceled and judgment prayed for the above amount.

Appellant Houston filed the following answer and cross-complaint:

"He denies that he is indebted to plaintiff in the sum of $898.04 or in any other sum. He denies that he is indebted to plaintiff on the policies mentioned in plaintiff's exhibit to its amended complaint in any sum whatever, viz., policy 811898—$6.48. (Then follows the numbers of 122 policies mentioned in said Exhibit D and the amount as claimed in said exhibit). He denies that it was the intention and meaning of his contract and the bond which he executed with R. E. Jones, W. L. Battin and J. A. Goodman as his sureties that after he had procured the applications for insurance, the same had been approved by plaintiff and policies issued by plaintiff to applicants and the same delivered by defendant and his commission paid to him that the plaintiff could arbitrarily and without cause cancel said policies and demand of

defendant and his bondsmen the return of his commissions which he had earned and which had been paid to him.

"He alleges that each and every one of the above named policies were approved and written by the plaintiff and delivered to defendant for the insured, that defendant's commission was paid him, and that, with a very few exceptions, the plaintiff without cause arbitrarily canceled said policies and is now seeking by this suit to recover from him and his bondsmen the commissions which he justly earned and had received; that the few exceptions where policies were canceled for cause he has paid plaintiff the commission on the unearned premium, and that he is not indebted to plaintiff in any sum for unearned commission.

"He denies that, exercising any rights and authority it had under said agent's contract, and acting for its safety, protection and best interests, it canceled a number of policies of insurance which had been written by it by virtue of its contract with defendant; and states the fact to be that the same were arbitrarily, wantonly and without just cause so canceled. He denies that the policies canceled by plaintiff by which he was obligated to refund to plaintiff, over and above those settled and paid for, amounts to $898.04 or any other sum. He denies that he is indebted to plaintiff for "court costs suit filed 9/19/27" in the sum of $15 or any other sum. He denies that he is indebted to plaintiff for "bond 2/24/28" in the sum of $10 or any other sum."

For his cross-complaint against the said American Insurance Company, this defendant, W. S. Houston, and cross-complainant says:

"That he honestly and conscientiously entered into the said contract with plaintiff and cross-defendant fully believing he could in the course of time build up an insurance agency which would be profitable to himself and re-

munerative to said company; that he devoted about three years of his entire time honestly and diligently working to that end, and had established an agency well worth the sum of $1,000, when without any just cause said plaintiff and cross-defendant canceled his agency arbitrarily, to his damage in the sum of $1,000.

"Wherefore, premises seen, this defendant and cross-complainant prays that plaintiff take nothing by its complaint herein, and that this defendant and cross-complainant have judgment against plaintiff and cross-defendant, the American Insurance Company, in the sum of $1,000 and all his costs in this cause expended."

The appellant sureties answered denying the indebtedness and adopted the answer of the appellant Houston as their own.

The appellee interposed its demurrer to the cross-complaint of Houston, and without waiving its demurrer filed a reply. The court treated the demurrer as going to both answer and cross-complaint and sustained the same. The appellants elected to stand upon their answer and cross-complaint and refused to plead further, whereupon the court entered the following decree and judgment:

"On this day this cause coming on for hearing upon the regular call of the calendar, and comes the plaintiff, the American Insurance Company, by its attorneys, M. E. Vinson and Charles Q. Kelly, and the defendants come by their attorney, George W. Reed.

"The plaintiff's demurrer to the defendant's answer and cross-complaint comes on for hearing, consideration and ruling by the court, and, after hearing the argument of the counsel for both the plaintiff and defendants and being well advised in the premises, the court doth sustain the plaintiff's demurrer to the defendants' answer and cross-complaint and dismisses the same, to which ruling of the court in sustaining said demurrer the defendants at the time excepted and asked that their exceptions be noted of record, which is done. And the defendants elect-

ing to stand upon their answer and cross-complaint and refusing to plead further herein. It is therefore by the court considered, ordered and adjudged that defendants' answer and cross-complaint be dismissed and held for naught, and that the plaintiff, the American Insurance Company, do have and recover of and from the defendants, W. S. Houston, R. E. Jones, W. L. Battin and J. A. Goodman, the sum of $957.65 and costs of this action, and that this judgment shall bear interest at the rate of six per cent. per annum from this date; and upon this judgment let execution or other process issue.''

The appellants made no specific objection to the action of the court in treating the demurrer as applying to the answer as well as to the cross-complaint, but all parties seem to have acquiesced in this action of the court. The appellants merely contend in their brief and argument that the answer stated a defense and the cross-complaint a cause of action, and that in holding otherwise the court erred. There was no denial in the answer of the cancellation of the policies, or that the unearned premiums had been refunded to the parties insured, and while there was a denial of any indebtedness to the company, both as to total amount sued for and the specific amounts mentioned accruing as unearned commissions on the specific policies mentioned, from an examination of the answer, giving to each part and to the entire plea every reasonable intendment, it is clear that the denial of liability is based on the allegation of the answer ''that after he had procured the application for insurance, the same had been approved by plaintiff and policies issued by plaintiff to applicants and the same delivered by the defendant and his commission paid to him * * * the plaintiff, without cause, arbitrarily canceled said policies and is now seeking by this suit to recover from him and his bondsmen the commissions which he justly earned and had received; that the few exceptions where policies were canceled for cause he has paid plaintiff the commis-

sion on the unearned premium, *and that he is not indebted to plaintiff in any sum for unearned commission.*"

The theory of the appellant Houston is untenable because it is in conflict with the terms of the agency agreement and bond, by which it was expressly agreed that the agent "should refund to the said company the unearned commissions on premiums returned under canceled policies." Therefore, as is said in the case of *Hill* v. *Ætna Insurance Co.*, 180 Ark. 401, 21 S. W. (2d) 180: "The appellant was liable for the unearned commissions collected." The cross-complaint states no cause of action because it, too, conflicts with the contract. For by it the agent might terminate his agency upon written notice to the company to that effect, or it might be terminated at the pleasure of the company, and in the same paragraph of the contract is the further provision that the cancellation of the contract should not terminate or change the liability of the agent to the company for returned commissions upon policies canceled prior to the cancellation of the contract.

It follows that the judgment and decree of the trial court is correct, and it is therefore affirmed.