HARTFORD FIRE INS. CO. v. DEERE et al.—134 S. W. (2d), 875.

Western Section.   January 17, 1939.

Petition for Certiorari denied by Supreme Court, May 10, 1939.

W. H. Denison, of Lexington, for complainant.

Joe C. Davis, of Lexington, for defendant E. D. Deere.

Winifred H. Lancaster, of Lexington, for defendant W. H. Lancaster.

SENTER, J.  Complainant filed its bill in this cause seeking to recover against the defendant, E. D. Deere, the sum of $2,017.08, representing the amount of unearned commissions on returned premiums on cancelled fire insurance policies written by the defendant, Deere, as the agent of complainant. The bill also seeks to recover against the defendants, W. H. Lancaster and J. G. McPeake, sureties on the agency bond of the defendant, Deere, but only the amount of the penalty of the bond not to exceed $500, which is the amount of the bond executed by the defendant, Deere, to complainant when he was appointed soliciting fire insurance agent for complainant.

The bill alleges in substance that on or about April 3, 1925, complainant entered into an agency contract with the defendant, Deere, by the terms of which contract the said Deere was to solicit applications for fire insurance for complainant in Henderson County, Tennessee, and adjoining counties. It is alleged that the defendant, Deere, was to receive as compensation for his services a certain stipulated commission on all the premiums earned on property insured on applications taken by him. It is further alleged that the agency contract entered into by the complainant and the defendant, Deere, provided for the return to complainant all unearned commissions on

returned premiums and delinquent premium notes as set forth in paragraph 8 of the agency contract, which paragraph is as follows:

"That I will return to the Company all unearned commissions on return premiums on policies cancelled and I will pay back to the Company all advances made to me for commissions on notes that are not paid within sixty (60) days after maturity; and it is understood, and agreed, that in order to acquire the right to charge back advance commissions from delinquent notes the Company shall not be required to sue the makers of such notes. I further agree, in case the Company is compelled to sue the maker of any note taken by me in order to collect same, I am to be credited the amount of any chargeback on such note less any expense of collection, not exceeding my commission."

It is then alleged that to guarantee the faithful performance of said contract the defendant, Deere, executed a bond to complainant in the sum of $500, which bond bears date of April 3, 1925, and which provides among other things that the defendant, E. D. Deere, shall return to the Company all commissions on unearned premiums where the policies are cancelled, as well as delinquent notes not paid within sixty days of their maturity.

It is further alleged that each of the policies issued by the Complainant Company provides that it may be cancelled at any time by the complainant on proper notice, as provided in the policy, and the return of the unearned portion of the premium paid; that this was well known to the defendant, Deere, at the time he entered into the agency contract with complainant and at the time he solicited applications for fire insurance and received the premiums therefor. Complainant further alleges that in the court of dealing with the defendant, E. D. Deere, as its soliciting agent, it became evident that the business was undesirable and unprofitable to complainant and on that account complainant decided to cancel out all business in Henderson County, Tennessee, and adjoining counties; that it gave due notice to the defendant, Deere, of its intention to do so and advised him to take such steps as he desired in order to protect himself against any loss arising out of such cancellation and his obligation to return commissions on the unearned premiums; that after giving time for the said defendant, Deere, to rewrite the business in another Company it exercised its right which it reserved under the policies to cancel out all business in Henderson County, issued under the agency of the said Deere and charged back to the said defendant, E. D. Deere, his commissions on the unearned premiums.

It is further charged that after the statement was fully compiled showing the exact condition of the agency complainant made a demand on the defendant, Deere, for the return of the commissions which he was bound under the contract and his bond to pay the complainant and which aggregated a balance of $2,017.08. A full and

complete statement of said account, properly sworn to, was filed as an exhibit to the bill and made a part of the bill.

The bill charges that complainant is entitled to recover in this cause the amount of the unearned commissions paid to the defendant on the cancelled policies as set forth in the exhibit, and is also entitled to recover of the sureties on the agency bond, W. H. Lancaster and J. G. McPeake, the sum of $500 as sureties on said bond, and prayed for a decree against the defendant, E. D. Deere, for the amount of the unearned commissions as set forth in the exhibit, together with interest thereon and also prayed for a decree against said defendant sureties for the sum of $500, the penalty of said bond.

The defendant, E. D. Deere, filed a separate answer, and in which he admitted that he entered into the agency contract as set forth in the bill and admitted that complainant had cancelled out all the policies then in force issued by complainant on the applications procured by the defendant, Deere, as the soliciting agent; that complainant had notified said defendant of its intention to cancel said policies, but denied that said policies were cancelled on the grounds and for the reasons as set forth in the bill, and denied that said cancellations were warranted by the conditions and denied that the business had proven unprofitable to complainant. He denied that he was due to return any commissions on the policies so cancelled and denied that complainant was entitled to recover any amount as so-called unearned commissions on cancelled policies, and specifically denied that his commissions on the respective policies had not been earned. He did not make any denial of the amount of unearned commissions as set forth in the statement filed as an exhibit to complainant's bill, but denied that under a proper construction of the agency contract he was due to return unearned commissions on policies cancelled by complainant, but that complainant would only be entitled to recover unearned commissions on policies cancelled by the insured in the respective policies.

This defendant further averred that at the time he signed the agency contract he requested the special agent of complainant to explain to him the meaning of paragraph 8 of the agency contract, and especially with respect to the unearned commissions provision, and that said special agent who placed the agency contract with this defendant and who was authorized to place said agency, advised him that the unearned commission provision on cancelled policies only applied to such cancelled policies as might be cancelled by the insured and that he would not be required under the contract to return unearned commissions on policies cancelled by the complainant.

He admitted in his answer that he knew that the insurance policies provided for cancellation at any time by either the insured or the insurer and that upon cancellation by the complainant the unearned premium would be returned to the insured. He denied that com-

plainant was entitled to recover of the defendant and his sureties on the agency bond for any amount of commissions on cancelled policies or returned premiums under a proper construction of the agency contract and as construed to the defendant by complainant's said special agent.

The defendant, W. H. Lancaster, filed a plea of non est factum, and by which he denied that he signed the said agency bond or that he had authorized any other person to sign said bond for him and that said bond did not bear his genuine signature. It does not appear that the defendant, J. G. McPeake, was served with process or that he filed any answer or other pleadings.

At the hearing of the cause the chancellor held that under a proper construction of the agency contract complainant was not entitled to recover for the alleged unearned commissions on return premiums on policies cancelled by complainant, and further sustained the plea of non est factum of the defendant, W. H. Lancaster, and decreed a dismissal of the suit and adjudged the costs of the cause against complainant.

From this decree of the chancellor complainant has appealed to this court, and has assigned numerous errors. The finding of the facts as found by the chancellor is contained in the final decree dismissing the suit.

While there are numerous assignments of error by appellant, these assignments in fact present but three questions to be considered on this appeal. The first question to be considered is the proper construction to be given to paragraph 8 of the agency contract.

It is the contention of appellant that the provision contained in paragraph 8 with respect to charging the agent with unearned commissions on unearned premiums upon the cancellation of a policy is plain and free from ambiguity; that it applies to all cancellations whether cancelled by the insurer or the insured. The first clause of paragraph 8 which has peculiar application to this question is as follows: "That I will return to the Company all unearned commissions on return premiums on policies cancelled . . ."

The chancellor held, in effect, that this requirement that the agent pay back unearned commissions on unearned premiums upon the cancellation of a policy meant cancellation by the insured, and further held, in effect, that it was not in contemplation of the contracting parties that in the event the complainant insurance company should order a cancellation of all policies issued by this agency as a wholesale or broadside cancellation of all the business within the territory of the agency, that the agent, Deere, would be required to repay unearned commissions on premiums on policies so cancelled. The chancellor further held, in effect, that when the application had been taken by the soliciting agent and settlement had been made of the premiums either by installment notes or cash and the contract should be can-

celled, that the agent had earned the commissions on the full premiums, where the cancellation was by the insurer and not by the insured and where the insured was willing to keep the policy of insurance in force for the period of the policy.

The chancellor further found and decreed that in the present case the special agent of complainant, Mr. Castleberry, who negotiated the agency contract with Deere, resulting in the appointment of Deere as the soliciting agent, and at the request of Deere interpreted and construed paragraph 8 of the agency contract and in so doing advised Deere that the agreement with respect to the return of commissions on unearned premiums upon the cancellation of a policy referred to and meant commissions on unearned premiums upon a cancellation of the policy by the insured, and would not apply to commissions on unearned premiums where the cancellation was by the Company.

This evidence was admitted over the objection of complainant, the complainant contending that the evidence was violative of the rule against the admission of oral evidence that would alter, vary or change the terms of a written contract. The defendant, Deere, and also the witness Scott testified that at the time the agency contract was entered into that Mr. Castleberry, the special agent of complainant, at the suggestion of Deere, interpreted that provision of the contract, and advised Deere that the provision with respect to the return of commissions on unearned premiums in the event of cancellation would only apply to commissions on unearned premiums where the insured elected to cancel the policy and to have the unearned portion of the premium returned to the insured, but did not apply to the return of commissions on the unearned portion of the premium returned to the insured by the insurer where the cancellation was by the insurer.

It is the contention of appellant under the second assignment of error that the learned chancellor was in error in admitting this evidence of Deere and Scott over the objection of complainant, and that the evidence was violative of the rule of parol evidence to alter, vary or change the terms of the written contract between the parties.

The chancellor overruled the objection and admitted this evidence as the basis for his holding that complainant was estopped to claim a return of commissions on unearned premiums returned to the insured where the policies issued upon the applications procured by Deere were cancelled by direction of the Company.

To this conclusion of the chancellor we cannot agree. We think the language in the agency contract on the subject of commissions on unearned premiums where the policy is cancelled by either party is clear and free from ambiguity. The evidence of this alleged oral agreement complained of operates, we think, to rewrite this portion of paragraph 8 of the agency contract. It certainly operates to alter, vary or change the written terms and provisions of the

agency contract. The defendant, Deere, testified that he objected to that provision of the agency contract and refused to sign the contract until he was assured by Mr. Castleberry, the special agent of complainant, that the return of commissions on unearned premiums upon a cancellation of a policy by the company, and not by the insured, would not be required. We think that this fact of itself clearly indicates that Deere understood the meaning of this provision in the contract and that he refused to sign the agency contract until he was assured by Mr. Castleberry that he would not be required to repay unearned commissions on unearned premiums upon a cancellation of the policy by the company. If Deere desired to have that provision of the agency contract varied or change, he should have required the change to be made in writing so as to have the contract read that upon cancellation by the company he would not be required to repay commissions on the unearned portion of the premium.

We are of the opinion that the effect of this evidence so complained of by appellant violated the rule of evidence that parol evidence is inadmissible to alter, vary or change the terms and provisions of a written contract.

We are further of the opinion that there is nothing in paragraph 8 of the agency contract entered into between the parties that would warrant an inference that the provision for the repayment of commissions on unearned premiums advanced by the company to the agent upon the issuance of policies of insurance, should apply only to cancellations by the insured. The language in the contract, we think, is clear and specific that upon the cancellation of a policy either by the company or by the insured and the repayment of unearned premiums by the company to the insured, that the commissions advanced to the agent on such unearned premiums will be repaid by the agent to the company. This was the holding of this court in the case of National Union Fire Insurance Co. v. Baker, 21 Tenn. App., 60, 105 S. W. (2d), 114, 116. In that case the court said:

"Since Baker concedes that the company had the right to cancel all of its policies of its own motion on a pro rata basis at any time, and since he agreed in his contract to refund all unearned commissions on premiums refunded upon such cancellations being made, we think he is liable to the complainant for the commissions on the amount of the premiums refunded."

In that case, as in the present case, the policies of insurance carried a provision that either party could cancel the policy at any time, and that in the event it was cancelled by the insured the premium would be repaid on a short time basis, and if cancelled by the company the premium would be repaid upon a pro rata basis. In the present case Deere admits that he knew of this provision in the policy and knew at the time he signed the agency contract that the

policies provided for cancellation by either the insured or the insurer at any time.

In the Baker case this court referred to the case of Independence Indemnity Co. v. Dreyfus, 6 Cir., 49 F. (2d), 599, 600, wherein it was said:

"We are unable to see any distinction in law between the cancellation of all policies within a given territory because of unsatisfactory conditions affecting risks in such territory, and the cancellation of but certain policies because of conditions affecting the risk only as regards those policies. In either event the agent's compensation is limited to commissions upon the several portions of the premiums earned before cancellation, and the agent is under expressly defined obligation to return to the company the commissions computed upon the unearned portions of the premiums which had theretofore been retained."

We think the above case is well supported by a decided weight of authority. Houston v. American Insurance Co., 182 Ark., 221, 31 S. W. (2d), 142; American Insurance Co. v. Bean, 232 Ky., 111, 22 S. W. (2d), 426; Hill v. Aetna Insurance Co., 180 Ark. 401, 21 S. W., 180; National Union Fire Insurance Co. v. Nevils, 217 Mo. App., 630, 274 S. W., 503; Independence Sharing Corp. v. Fidelity & Deposit Co., 145 Misc. 669, 260 N. Y. S., 622; Stone v. Hartford Fire Insurance Co., 231 Ky., 264, 21 S. W. (2d), 281.

We will add that the provision in the agency contract here involved, we think, is fair, reasonable and equitable. The commissions which the agent receives is based upon the amount of premiums. If this commission is advanced for the entire period by the company to the agent, it is the commission or compensation which the agent is to receive on the entire premium. If, for any reason, the policy is cancelled before its expiration date (which is the right of either party under the specific provisions of the contract of insurance) and the insurer is obligated to return the earned portion of the premium paid by the insured, then the amount of the premium so collected has been reduced to the extent of the unearned portion thereof. Since the commission to the agent is based upon the amount of the premium earned and paid, to allow him commissions on the unearned portion of the premium returned to the insured would be to compensate him in excess of the amount of commissions or compensation as stipulated in the agency contract.

We are therefore of the opinion that complainant is entitled to recover of the defendant, Deere, the amount of the unearned commissions on unearned premiums as reflected by the undisputed statement and sued for in the original bill, together with interest thereon from the date of the filing of the bill.

However, we are further of the opinion that the plea of non est factum of the defendant, W. H. Lancaster, is supported by a preponderance of the evidence, and that there was no error in the

holding of the chancellor to this effect, and in dismissing the bill as to the said defendant, W. H. Lancaster.

It follows that the decree of the chancellor as to the defendant, E. D. Deere, is reversed, and as to the defendant, W. H. Lancaster, it is affirmed, and a decree will be entered here in accordance with this opinion.

The costs of the cause, including the cost of this appeal, will be paid three-fourths by the defendant, E. D. Deere, and one-fourth by the complainant. This adjudication of the costs is on the ground that appellant is successful in its suit against E. D. Deere, but unsuccessful in its suit as to the defendant, W. H. Lancaster.

Anderson and Ketchum, JJ., concur.