G. A. BUSHNELL, as Receiver of Trans-Pacific Insurance Company, a corporation, Plaintiff,

v.

William MITCHELL, individually and doing business as Mobile Insurance Agency, Defendant.

Civ. A. No. 1574.

United States District Court
S. D. Alabama, S. D.
March 28, 1958.

Thomas E. Twitty and James J. Duffy Jr., of Inge & Twitty, Mobile, Ala., for plaintiff.

J. Terry Reynolds, Jr., and William R. Lauten, Mobile, Ala., for defendant.

DANIEL HOLCOMBE THOMAS, District Judge.

Action to recover $21,780.56, plus interest, on an insurance agency agreement entered into between the Trans-Pacific Insurance Company and William H. Mitchell, doing business as Mobile Insurance Agency. The case was tried to the court without jury, on complaint and answer, stipulation of facts, exhibits, arguments and briefs of the parties. The complaint is in two counts, the first of which seeks to recover $16,298.74 with interest for premiums alleged to have been collected by the defendant agent from holders of policies issued by the said Company, less commissions earned by the defendant on such premiums. The second count seeks to recover $5,481.82 with interest for unearned commissions which the defendant is alleged to have retained out of premiums collected from such policyholders, such commissions being based on that part of the respective policy terms which accrued after such policies were canceled, by virtue of receivership of the said Company.

### Findings of Fact

The plaintiff is a resident of the State of Arizona, and is Director of Insurance for the State of Arizona and the Receiver of Trans-Pacific Insurance Company, an Arizona corporation, by virtue of an order of liquidation of said corporation entered by the Superior Court of Maricopa County, Arizona, on September 15, 1955. There is no evidence in this case that there is any ancillary receivership of the plaintiff corporation pending in any of the courts of Alabama, and no question is raised in this case as to the plaintiff's right to recover such sums, if any, as the corporation itself could recover in the absence of its receivership. Alabama has adopted the Uniform Insurers Liquidation Act (Alabama Code 1940, Title 28, § 339 et seq.), which provides for a central and orderly liquidation of an insolvent insurance company to promote equal treatment of all its creditors in one proceeding in the state of the incorporation of the company.

The defendant is a resident of the State of Alabama. On August 25, 1953, the Trans-Pacific Insurance Company and the defendant entered into a written agreement authorizing the defendant to solicit on behalf of the Company various kinds of insurance, and, in addition, it provided that the Company would pay the defendant as commission a percentage of the premiums written and paid for under said agreement. The defendant agreed to pay the Company a return commission at the same rate on any return premiums, including premiums returned by reason of cancellation. Article II of the agreement in question provides in part as follows:

"All money paid by the policy holders to the Agent, or to anyone representing him, shall be held by and chargeable to the Agent as a fiduciary trust for and on behalf of the Company, and shall be paid over to the Company as hereinafter provided." .

Article IV of the agreement provides in pertinent part as follows:

"The Agent agrees to pay to the Company all premiums accruing on insurance written under this agreement, whether or not collected by the Agent from the assured."

Statement of account between the said Trans-Pacific Insurance Company and the defendant for the period beginning April 1, 1955, reflects a balance in the amount of $16,298.74 for said period, being the

amount collected by the defendant during said period on policies issued by the Company, less the commissions earned by the defendant thereon under said agreement dated August 25, 1953, which balance was stipulated to be true and correct and unpaid by the defendant to the said Company or to the plaintiff. Statement of unearned commissions reflects the unearned premiums, the commission rate and the unearned commission withheld by the defendant, in the amount of $5,481.82 in the aggregate, with respect to premiums collected by the defendant on policies issued by said Company, the said unearned premiums and unearned commissions being calculated as of September 15, 1955, the date of said receivership, which balance was stipulated to be true and correct, and unpaid by the defendant to the Company or to the plaintiff. No part of the sums claimed by the plaintiff in this case has been paid by the defendant to the said Company or to the plaintiff, and such sums, if any, as the plaintiff may be entitled to recover in this case, were due and payable September 15, 1955.

There is no dispute between the parties as to the existence and terms of the agency agreement, or as to the amounts of premiums and unearned commissions collected by the defendant, or that the defendant has not accounted to the plaintiff therefor.

## Opinion

The defendant's contention is that when the plaintiff corporation went into receivership, the defendant, having collected the premiums from the policyholders, was either duty bound to them or justified in using such funds to pay to one or more other companies for premiums on new policies which the defendant procured from such other company or companies for the unexpired terms of the policies issued by the plaintiff corporation with respect to which the premiums were collected, and in so doing, earned commissions which so far as his agency with the plaintiff corporation was concerned, were unearned.

The court holds, however, that the defendant, as agent of the plaintiff corporation, was acting in a fiduciary capacity and all monies received by the defendant from policyholders for premiums on policies issued by the plaintiff corporation were held by him, and chargeable to him, as a fiduciary trust for and on behalf of the plaintiff corporation; and that he, in failing to remit the same to the plaintiff corporation in accordance with that agreement, breached a trust which is the basis of this action. American National Bank of St. Paul v. National Indemnity Co., 8 Cir., 1955, 222 F.2d 513, 516, 517; People ex rel. Palmer v. Peoria Life Ins. Co., 1941, 376 Ill. 517, 34 N.E.2d 829, 136 A.L.R. 151.

In the brief of the defendant, much emphasis was placed on the case of Union Mutual Casualty Insurance Corporation v. Insurance Budget Plan, Inc., 1935, 291 Mass. 62, 195 N.E. 903, 907, 98 A.L.R. 1422, which involved the interpretation of an agency agreement. In that case, the agreement gave the agent certain time within which to make payment to the insurer, and provided that in case the policies were canceled, the amounts to be collected by the agents were the amount of earned premiums. With regard to this particular question, the court held that the agent was not liable to the insurer for premiums *unearned* and *uncollected* at the time of cancellation of the policies. In the case at bar, the agency agreement does not contain such a provision, nor is this a suit to recover for premiums not collected by the defendant. On the contrary, this is a suit to recover premiums actually collected by the agent and not remitted to his principal, and for commissions deducted and retained by the agent on unearned premiums. Referring further to the Union Mutual case, supra, there the defendant (agent) took from the insured under each policy a note for the full amount of the premium from the date of the policy. The note contained a power of attorney to the payee to cancel the policy, *and an authorization to the payee (agent) to replace this insurance in any other*

*insurance company at his discretion.* In treating the arrangement just described, the court in that case stated:

"In this connection it is to be observed that the defendant occupied a dual position. * * * Under the agency contract the defendant was the agent of the plaintiff to receive premiums on policies written by the defendant for the plaintiff. * * * And by the terms of the notes given on 'financed accounts' the defendant was the agent of the policyholders on such accounts to replace their insurance in other companies. Moreover, from the facts found by the master it appears that the defendant was the agent of the policyholders on 'open accounts' to replace their insurance. Amounts collected from policyholders *after* the cancellation of policies in the plaintiff corporation and the replacement of insurance in other corporations, so far as not required for the payment of earned premiums on policies of the plaintiff corporation, are to be regarded as received by the defendant as agent of such policyholders." (Emphasis supplied.)

In the case at bar, no such dual position was occupied by the defendant; he could not ignore his duties to the plaintiff corporation. The distinction between the Union Mutual case, supra, and the case at bar seems readily apparent.

### Conclusions of Law

1. The defendant, William H. Mitchell, individually and doing business as Mobile Insurance Agency, is accountable to the plaintiff, under the "First Cause of Action" in the complaint, for all premiums, both earned and unearned, collected by the defendant and not remitted to said Company or to the plaintiff, which constituted trust funds, and amount to $16,298.74, plus interest from September 15, 1955. American National Bank of St. Paul v. National Indemnity Co., 8 Cir., 1955, 222 F.2d 513, 516, 517; Robertson v. Malone, 5 Cir., 1951, 190 F.2d 756; Alliance Ins. Co. v. City Realty Co., D.C.Ga.1931, 52 F.2d 271; Bohlinger v. Ward & Co., 1956, 20 N.J. 331, 120 A.2d 1; Union Mutual Casualty Insurance Corporation v. Insurance Budget Plan, Inc., supra.

2. The defendant, William H. Mitchell, individually and doing business as Mobile Insurance Agency, is accountable to the plaintiff, under the "Second Cause of Action" in the complaint, for all unearned commissions retained by the defendant and not remitted to the said Company or to the plaintiff, which amount to $5,481.82, plus interest from September 15, 1955. People ex rel. Palmer v. Peoria Life Ins. Co., supra; Union Mutual Casualty Insurance Corporation v. Insurance Budget Plan, Inc., supra; Hill v. Aetna Insurance Company, 180 Ark. 401, 21 S.W.2d 180; Houston v. American Insurance Company, 182 Ark. 221, 31 S.W.2d 142, 143; Hartford Fire Insurance Company v. Deere, 23 Tenn. App. 467, 134 S.W.2d 875; 44 C.J.S. Insurance § 162, p. 842.

The plaintiff is entitled to have and recover of the defendant the amount sued for. An order in accordance herewith is this date entered.