**MALONE, Insurance Com'r of Pennsylvania, v. ROBERTSON.**

**Civ. A. No. 244–T.**

United States District Court.
N. D. Florida, Tallahassee Division.
March 3, 1950.

Leo. L. Foster, Tallahassee, Fla., for plaintiff.

S. A. Robertson pro se.

DE VANE, District Judge.

This case came on for trial to the court without a jury, a jury having been expressly waived by the parties. As the caption indicates the suit is by James F. Malone, Jr., Insurance Commissioner of the Commonwealth of Pennsylvania, as Statutory Liquidator of the Keystone Mutual Casualty Company (dissolved), against the defendant.

The suit arises out of an agreement between Keystone Mutual Casualty Company of Pittsburgh, Pennsylvania, hereinafter sometimes called Keystone, and defendant, under date of July 22, 1943. Under this agreement defendant was appointed agent of Keystone for several counties in Florida and continued as such agent until about the time the insurance company became a bankrupt and went into the hands of plaintiff as commissioner and statutory liquidator.

In the complaint filed herein plaintiff claims $5,996.03 due to liquidator by defendant as representing premiums collected by defendant on outstanding insurance and not remitted to Keystone prior to its dissolution. Defendant, by his answer, denies generally any indebtedness to plaintiff and denies specifically items of indebtedness totalling $2,800.53 set out in the account attached to the complaint as Exhibit A thereof.

At a pre-trial conference plaintiff admitted errors in the account stated (Exhibit A to the complaint) in the amount of $1,345.88. These errors represented payments made by defendant to another insurance company when that insurance company took over part of the insurance defendant theretofore had placed with Keystone. The additional amount in controversy, totaling $1,454.65, was an issue before the court at the trial.

At the trial plaintiff conceded an additional error of $34.88, but contended the remaining contested items were due by defendant and introduced evidence in support thereof. The evidence submitted by plaintiff in support of the amount due was the result of an audit made by a representative of plaintiff of the journal and other books and papers of defendant, which supposedly showed the amount due Keystone by defendant upon the termination of the agency agreement. Plaintiff's witness testified that defendant informed him, at the time of the original audit and at the time of a subsequent audit, made after defendant had filed his answer herein, that the journal was the only record he had showing the amount due plaintiff and that it was true and correct. There is no question that the journal shows the items here in controversy, but defendant, while not denying the statement charged to him by plaintiff's witness, testified that the journal, in fact, did not reflect cash receipts only, but reflected, as well, monthly payments due and accruing, on a quarterly basis, on outstanding policies. This case will not be decided upon the statement attributed to defendant, as to what the journal disclosed, on the ground of estoppel as contended by plaintiff, but will be decided upon the facts as disclosed by the entire record.

Practically all the insurance written by defendant for Keystone covered taxicab liability and under the law of Florida taxicabs are required to carry such insurance and the same cannot be cancelled, except after thirty days' notice to the Railroad Commission of Florida. Defendant introduced in evidence cancellation notices filed with the Railroad Commission of Florida covering all the remaining disputed items showing that the policies had been terminated prior to the maturity of the premiums alleged by plaintiff to be due thereon. The proof shows that copies of few, if any, of these cancellation notices were mailed to Keystone by defendant. This was a requirement of the contract between Keystone and defendant and defendant's failure to do so made him technically liable to the company until proof of cancellation had been filed with the company. However, it appears from the evidence that this provision of the contract was not rigidly lived up to by the parties and upon this showing the court finds and holds that plaintiff is entitled to recover from defendant only such money as was collected and held by defendant for Keystone at the time of the termination of the contract between Keystone and defendant.

In support of his general denial of any indebtedness due plaintiff defendant testified that he had paid Keystone all amounts due it prior to the institution of this suit and introduced in evidence certain checks in support of this testimony. However, defendant failed completely to show that these checks, or any part thereof, represented payments made on account of any of the items alleged to be due and sued upon in this case and there is no possible way for the court to determine that these checks cover any of the amount sued upon here.

The court finds and holds plaintiff has failed to carry the burden of proof as to the disputed items totalling $1,454.65 and that amount sued for, totalling $5,996.03, should be reduced by the errors

claimed by defendant, totalling $2,800.53, making a balance due plaintiff by defendant of $3,195.50.

■ Defendant filed a counter-claim for $5,253 claimed to be due him under an agreement entered into in March, 1944 between Keystone and defendant, whereby defendant undertook and agreed to perform certain work for said company as a claim adjuster. At a pre-trial conference plaintiff questioned the right of defendant to file a counter-claim in this case, inasmuch as Keystone was in receivership and any claim of defendant against said company upon a seperate contract should be filed with the liquidator. The court reserved ruling upon this question until after evidence had been introduced touching the nature of the contract constituting the basis of the counter-claim. At the trial the court permitted evidence to be introduced touching the merits of the counter-claim. The evidence shows that any agreement, if one was entered into, between Keystone and defendant, authorizing defendant to act as adjuster for Keystone, was a separate agreement entered into long subsequent to the contract of agency between Keystone and defendant. The court has held that plaintiff is entitled to recover from defendant all money due Keystone by defendant on the date Keystone went into receivership. This represents money collected by the defendant as agent for Keystone and the money so collected was the property of Keystone and not defendant. The defendant is not entitled to set off against this money, which now belongs to plaintiff, any amounts due him by Keystone growing out of a separate agreement. The defendant must file his counter-claim with the liquidator and share with the other creditors any monies available to pay creditors. The court holds, upon the evidence submitted, the counter-claim is improper in this suit. The counter-claim, therefore, is disallowed in its entirety, without prejudice, however, to any rights defendant may have, as a creditor of Keystone, against the liquidator.

A judgment will be entered in conformity with this Memorandum Decision.