**ROBERTSON v. MALONE, Insurance Commissioner.**

No. 13342.

United States Court of Appeals
Fifth Circuit.

June 26, 1951.

Harrold Carswell, Tallahassee, Fla., for appellant.

Leo L. Foster, Tallahassee, Fla., for appellee.

Before HOLMES, McCORD and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The cause from which this appeal arises was a suit by the appellee Insurance Commissioner of Pennsylvania, and as such statutory liquidator of the Keystone Mutual Casualty Company (dissolved), seeking to recover from the defendant upon a stated account of premiums alleged to have been collected by him on numerous specified policies under the terms of an agency contract.[1] The total sum claimed to have been withheld was $5,996.03. Appellant Robertson had been the agent at Tallahassee of the Keystone Mutual Casualty Company prior to the time the company failed and its assets were taken over by appellee as statutory liquidator under the laws of Pennsylvania.

In his first answer, sworn to by Robertson, and signed by Weaver and Cook as attorneys for the defendant, the defendant admitted "that he withheld monies collected by him belonging to Keystone Mutual Casualty Company (dissolved) two or three months prior to its being declared insolvent, but as to exact amount withheld he does not know. Said monies were withheld from said company by defendant in the belief said company would soon be declared

insolvent and that would be his only chance to collect monies due him by said company for services hereinafter set out." The defendant alleged an indebtedness due him by the plaintiff in the amount of $5,253.00 representing fees and expenses under an alleged agreement whereby the defendant was employed as an adjuster of certain claims against the Casualty Company. He likewise sought recovery of $1,345.88 said to have been paid to another agent to whom he transferred certain of the business at the suggestion of the Casualty Company shortly prior to its being declared insolvent. Judgment was prayed for these sums, against which the defendant offered to have set off plaintiff's demand, with judgment in his favor for the balance. In answer to the cross-claim the plaintiff asserted it failed to state a claim upon which relief could be granted; denied the indebtedness; and alleged that if defendant had any claim it was incumbent upon him to file it in the liquidation proceeding in compliance with the Laws of the State of Pennsylvania, averring that the allowance of any set off would grant defendant a preference over other claimants; and further, denied the agreement or performance of the services claimed. Thereafter, the defendant amended his answer and counterclaim and in an answer, filed by the same attorneys and sworn to by the defendant, denied indebtedness and asserted detailed and specified errors and inaccuracies aggregating $2,800.53 in the claim of the plaintiff.

As appears from the record, at a pre-trial conference held on January 31, 1950, plaintiff admitted error in the item of $1,345.88, and the defendant claimed the total errors above referred to, in the amount of $2,800.-53. The Court made a pre-trial memorandum, (which was not signed, but which was filed), with reference to the claimed and disputed items, which stated the issues in the case remaining for trial to be: (1) claimed errors in account stated $1,454.64;

1. As here material, the agency agreement provided: "The Agent agrees that all money or securities received or collected by him under the terms hereof shall be held by him in trust for the benefit of the Company, and remitted to the Company in strict accordance with the rules and regulations of the Company and the terms of this Agreement."

(2) defendant's counterclaim of $5,253.00. The case was assigned for trial on February 27, 1950. On February 13, 1950, Weaver and Cook, defendant's counsel of record, filed a motion asking permission of the Court to be released as such counsel. On February 14th, this motion was brought before the Court, pursuant to notice given February 7th, and the Court permitted counsel to withdraw. It was provided that the withdrawal should "have no effect upon the scheduled trial of the cause on February 27th, 1950 at ten o'clock, A.M." Defendant appeared at the trial without counsel, and presented a motion for continuance on the ground that both he and his wife, who was partially familiar with the business of the Insurance Agency, were physically unable to participate in the trial, and upon the further ground that he had been unable to secure counsel. Affidavits as to the physical condition of his wife, dated February 1, 1950, and as to the defendant, dated February 2, 1950, were presented as a part of the motion. The Court overruled the motion.

The defendant conducted his own defense and presented his counter-claim. It appeared that the items representing the agent's collections, constituting the account sued upon, had been ascertained by an audit of the defendant's records, which, he had stated to the auditor, showed his collections and disbursements. The making of the statement was admitted, but the actual correctness of records was denied by the defendant upon the trial. The defendant tendered cancelled checks payable to the Casualty Company, which he contended constituted payment of the entire account. One of the checks ante-dated any item of the account sued upon. It is not clear to what the other related. The theory of payment by the checks was inconsistent with the correctness of the defendant's books, upon which the account had been formulated. In his testimony the defendant attempted to explain this discrepancy, but the explanation was not required to be believed by the trial Court. The Court permitted the testimony of Mrs. Robertson to be taken by deposition and it was considered along with the oral testimony.

The Court concluded that the plaintiff had failed to carry the burden of proof as to the disputed items totalling $1,454.65 and that this, added to the admitted error of $1,345.88, a total of $2,800.53, should not be recovered. This ruling allowed the defendant credit for every item of collection in dispute, but did not accept his contention of payment by checks. Judgment was accordingly entered for plaintiff in the amount of $3,195.50. The Court held the counter-claim improper and disallowed it, without prejudice to defendant's right to assert it as an independent claim in the liquidation proceedings in Pennsylvania.

Following the entry of judgment, the defendant retained counsel. A motion for new trial was filed, and overruled, and this appeal follows. The assignments of error are now to the effect that since the checks tendered raised a presumption of payment, in the absence of any evidence in rebuttal, the Court was required to have adjudged payment to have been made; that the action of the Court in disallowing the counter-claim was improper; that the denial of the continuance was an abuse of discretion; and that the plaintiff was not the real party in interest, nor the proper one to bring suit in a United States District Court outside the limits of the State of his appointment.

Since there are some unusual features in the case, due to the withdrawal of counsel, and the defendant acting as his own counsel on the trial of the case, and with counsel upon appeal being disadvantaged by not having tried the case, we have made a full statement of the facts, perhaps in unnecessary detail. The factual statement obviates any necessity for a lengthy discussion of the legal questions presented.

■■ Under the circumstances of this case, the rule insisted upon by the appellant, that a check duly endorsed and marked paid is evidence of payment, at least of some account, did not require the Court to find that payment of the items in controversy had been established. A fair consideration of the pleadings, the pre-trial agreement, and the evidence in the case supports the

finding to the contrary. It is true that the order following the pretrial conference was not formally signed, but this plainly does not prevent it from having evidentiary value, nor from being considered along with all of the facts of the case.

■ The set off sought to be asserted related indisputably to an agreement not connected in any way with the contract of agency representation under which the premiums sued for were collected and were required to be remitted. No contention is made that there was any agreement for payment for adjustment services from the premium account. The premiums, upon collection by the agent, became a trust fund, and thereupon arose a trust relation, and not a relation of debtor and creditor.[2] Thus, the collected premiums were held in a fiduciary capacity. The debt owing the defendant, if existent, was due to him individually. The individual credit could not be set off against the agency collections.[3] The trustee may not set off a claim due him by the beneficiary growing out of an unconnected transaction.[4]

■ On the other hand, even though the defendant was not entitled to merge by set-off his obligation to the statutory liquidator with his individual claim against such plaintiff, it did not follow that he was not entitled to have the merits of his counter-claim adjudicated. The statutory liquidator, representing the estate against which the defendant must assert his claim, was before the Court. Jurisdiction was present both as to citizenship and the amount in controversy and the defendant was entitled to maintain his counter-claim,[5] at least in the absence of a showing of any proceeding or order staying the assertion of claims against the liquidator except in the liquidation proceedings. This might constitute a bar. Any judgment in favor of defendant upon his counter-claim would not necessarily determine that he was entitled to any more than a payment prorata with other creditors but it would liquidate his claim. In the present state of the pleadings and proof he was entitled to the judgment of the Court upon the merits in order to so liquidate his claim. The Court could have made clear that the rank and lien of any amount as thus liquidated would be left for determination in the liquidating proceedings in Pennsylvania.

The ruling of the Court that the claim of the plaintiff statutory liquidator was not subject to set-off against the defendant's claim as a creditor in an individual capacity was correct, but the additional ruling that the Court would not adjudge the merits of the counter-claim, but would dismiss it without prejudice, was error.

■ The facts of the case fail to show an abuse of discretion by the trial Court in overruling the motion for continuance.

■ No question was made in the trial Court as to the capacity of the statutory liquidator to maintain suit as a plaintiff. We may overlook this failure to first assert this point in the trial Court, however, for it is clear that the plaintiff as statutory liquidator, is by law vested with title to all of the "property, contracts and rights of action" of the defunct Casualty Company [6] and is the real party in interest within the contemplation of the Florida Statutes [7]

2. Libby v. Hopkins, 104 U.S. 303, 26 L. Ed. 769; Brown v. Maguire's Real Estate Agency, Mo.App., 101 S.W.2d 41, 49.

3. Dakin v. Bayly, 290 U.S. 143, 148, 54 S.Ct. 113, 78 L.Ed. 229; Everglade Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192.

4. Libby v. Hopkins, supra; Western Tie & Timber Co. v. Brown, 196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571; Topas v. John MacGregor Grant, Inc., 2 Cir., 18 F.2d 724, 52 A.L.R. 807; American Brake Shoe & Foundry Co. v. New York Rys. Co., 2 Cir., 10 F.2d 920, 922, and citations.

5. Rule 13(b), Federal Rules of Civil Procedure, 28 U.S.C.A.; General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 435, 53 S.Ct. 202, 77 L.Ed. 408, and cases cited. See also Volume 3, Moore's Federal Practice, Sections 13:18, 13.19 and citations.

6. Purdon's Pennsylvania Statutes, 1936 Edition, Section 40 P.S. § 206.

7. Section 45.01, Florida Statutes Annotated.

and Rule 17 of the Federal Rules of Civil Procedure.

The judgment is affirmed in part and reversed in part and the cause remanded to the trial Court for determination of the merits of the counter-claim in accordance with the views expressed in this opinion.

Judgment affirmed in part and in part reversed.