### MALONE v. ROBERTSON.

### Civ. A. No. 244–T.

United States District Court
N. D. Florida, Tallahassee Division.

March 19, 1953.

Leo L. Foster, Tallahassee, Fla., for plaintiff.

Harrold B. Carswell, Tallahassee, Fla., for defendant.

DE VANE, Chief Judge.

On August 10, 1949 plaintiff, James F. Malone, Jr., Insurance Commissioner for the Commonwealth of Pennsylvania, as such statutory liquidator of the Keystone Mutual Casualty Company, filed a complaint against S. A. Robertson, doing business as Tallahassee Insurance Agency, alleging that defendant owed plaintiff, as such statutory liquidator, the sum of $5,-996.03. On August 31, 1949 defendant filed his answer and counterclaim. The counterclaim, as amended, alleged plaintiff was indebted to the defendant in the sum of $5,253 arising out of a contract between plaintiff and Keystone Mutual Casualty Company whereby defendant understood and agreed to do and perform certain work for said company in adjusting accident claims and that in pursuance of said contract defendant investigated and adjusted one hundred eighty claims against said company.

Prior to the trial of this case, plaintiff, by interrogatories, attempted to obtain certain information from defendant, with reference to the alleged contract set out in the counterclaim, the policy numbers involved in each alleged adjustment and other information pertaining thereto. In answer to the interrogatories defendant stated he was unable to furnish any of the information requested in said interrogatories nor could he furnish an itemized statement of services rendered or the amount claimed due him on any of the

---

one hundred eighty claims shown in the bill of particulars attached to the counterclaim.

Later plaintiff filed a motion for production of documents and this court entered an order directing defendant to produce to plaintiff, for inspection, all books, contracts or other instruments in writing bearing upon or concerning the business connections between defendant and Keystone Mutual Casualty Company. Defendant produced no records in response to this order and denied he had any records pertaining to services he claimed to have rendered the company in connection with the adjustment of any of the claims.

When the case came on for trial Robertson testified that prior to March, 1944 the Keystone Mutual Casualty Company employed the services of an adjuster, when needed, in Tallahassee and subsequent to April, 1946 did likewise. Robertson testified further that between March, 1944 and April, 1946 the company had no adjuster in Tallahassee and that he did the adjusting work for the company. He admitted, on examination by the court, that he had no contract with Keystone Mutual Casualty Company for any adjusting services he rendered the company, but that he has been assured by representatives of the company that compensation for his services would be determined afterwards and he would be paid reasonable compensation therefor.

The evidence submitted at the original trial in this case failed completely to establish Robertson's counterclaim and the court was faced with the problem of either deciding the issue against Robertson or finding a way to permit him to go back to the statutory liquidator and attempt to reach some agreement with him as to just compensation for his alleged services. The court, therefore, dismissed his counterclaim in an effort to do equity in this case. 88 F.Supp. 749.

When the case reached the Court of Appeals that court held that this court had no right to dismiss the counterclaim and authorized Robertson to pursue it further in this court. The case is now before the court as a result of the decision of the Court of Appeals in Robertson v. Malone, 5 Cir., 190 F.2d 756.

A further hearing has been held on the counterclaim. At this hearing Robertson abandoned his claim that a contract existed between himself and Keystone Mutual Casualty Company for the alleged services. He now bases his right of recovery upon the testimony in the case that between March, 1944 and April, 1946 the company had no adjuster working for it in Tallahassee and that he did all the minor adjusting services for the company and is entitled to recover therefor on a quantum meruit basis.

Assuming that Robertson has the right to recover on a quantum meruit basis the court is now compelled to hold that the proof utterly fails to establish any services or the reasonable value thereof upon which a judgment could be entered in favor of Robertson and the court is compelled to deny the counterclaim on this ground.

There is a further ground prohibiting Robertson's recovery. The evidence shows that the last services Robertson claims to have rendered the company were rendered March 23, 1946. This action was filed August 10, 1949, more than three years after Robertson claims to have performed any services for the company under his alleged oral agreement. Consequently, this action is barred by Section 95.11 of the Florida Statutes, F.S.A.

A judgment will be entered in conformity with this memorandum decision.