**TETRA FINANCE (HK) LIMITED, Michael J. Johnson and Eoghan M. McMillan, as liquidators of Tetra Finance (HK) Limited, Hong Kong Deposit and Guaranty Company Limited, and Michael J. Johnson and Eoghan M. McMillan, as liquidators of Hong Kong Deposit and Guaranty Company Limited, Plaintiffs,**

v.

**John M. SHAHEEN and Bradford A. Shaheen, Defendants.**

**No. 83 Civ. 3613 (HFW).**

United States District Court,
S.D. New York.

April 23, 1984.

Cleary, Gottlieb, Steen & Hamilton by Richard G. Wilson, New York City, for plaintiffs.

Richard deY Manning by Richard deY Manning, New York City, for defendants.

## MEMORANDUM DECISION

WERKER, District Judge.

This is an action to recover in excess of 35 million dollars in loans allegedly made to defendants and for breach of defendants' fiduciary duty to plaintiffs. Plaintiffs, Tetra Finance (HK) Limited ("Tetra") and Hong Kong Deposit and Guaranty Company Limited ("HKDG"), are incorporated under the laws of Hong Kong and are presently in liquidation in the Hong Kong courts. This action is brought by plaintiffs' liquidators. The liquidators, Michael J. Johnson and Eogham M. McMillan, were appointed by the court in Hong Kong and are both citizens of the United Kingdom. The matter presently is before me on defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R. Civ.P. 12(b)(1) and 28 U.S.C. § 1332(a)(2). For the reasons discussed below, defendants' motion is denied.

Defendants argue that Tetra and HKDG, as companies incorporated by a colony of the United Kingdom rather than by a recognized foreign sovereignty, are not citizens or subjects of a foreign state within the meaning of 28 U.S.C. § 1332(a)(2). Thus, defendants claim that I have no diversity jurisdiction over this case. In support, defendants rely on *Windert Watch Co., Inc. v. Remex Elec. Ltd.*, 468 F.Supp. 1242 (S.D.N.Y.1979) (Lasker, J.). In *Windert*, the court dismissed the claims against two Hong Kong corporations on the ground that Hong Kong was not a foreign state under § 1332(a)(2). *See id.* at 1246. Plaintiffs contend either that it is the citizenship of the liquidators which is controlling in this case and thus, *Windert* is inapposite or that *Windert* is wrongly decided.

I do not think that, if I had to decide the issue presented in *Windert*, I would necessarily find that a Hong Kong corporation is precluded from suing or being sued in federal court. It would seem hypertechnical to preclude Hong Kong corporations from asserting claims in our courts simply because Hong Kong has not been formally recognized by the United States as a foreign sovereign in its own right. Indeed, federal courts previously have enforced the judgments of Hong Kong courts and have applied the laws of Hong Kong in appropriate situations. *See Ingenohl v. Olsen & Co.*, 273 U.S. 541, 544, 47 S.Ct. 451, 452, 71 L.Ed. 762 (1927); *Windsor Indust., Inc. v. EACA Int'l Ltd.*, 548 F.Supp. 635, 638 (E.D.N.Y.1982).

■ Furthermore, the United States is Hong Kong's largest foreign investor and trading partner, with the U.S. investment level reaching $2.7 billion. *See* Letter of Patrick M. Norton, Assistant Legal Adviser for East Asia and Pacific Affairs of the Department of State dated February 8, 1984. Total trade between Hong Kong and the United States was almost $9 billion in 1983. *Id.* The commercial and cultural realities of the modern world dictate that diversity jurisdiction should be granted to certain governmental entities that have not been formally recognized. *Chang v. Northwestern Memorial Hospital*, 506 F.Supp. 975, 978 n. 3 (N.D.Ill.1980) (Taiwan). In fact, courts have allowed citizens or corporations of other colonies of the United Kingdom to proceed in federal court where those colonies had similar relations with the United States. *Netherlands Shipmortgage Corp. v. Madias*, 717 F.2d 731 (2d Cir.1983) (Bermuda); *Lehman v. Humphrey Cayman Ltd.*, 713 F.2d 339 (8th Cir.1983) (Cayman Islands).

I also note that the *Windert* decision has been expressly rejected by other jurisdictions. *See Great China Trading Co. v. Cimex, U.S.A., Inc.*, No. CV–80–4221–MML (C.D.Cal., March 17, 1982). An unrestrained jurisdictional standard could conceivably result in an inundation of the federal courts by foreign claimants, yet, the uniqueness of the Hong Kong situation militates strongly in favor of a finding that Hong Kong is a "foreign state" within the meaning of 28 U.S.C. § 1332(a)(2).

Fortunately, however, I need not directly decide the question since I believe that

*Windert* is inapposite to the case before me. Unlike the Hong Kong defendants in *Windert,* the claims of the plaintiff corporations have been assigned to court-appointed liquidators, Michael J. Johnson and Eoghan M. McMillan. These liquidators—each of whom is a citizen of the United Kingdom—have been statutorily vested with extensive control over the liquidation process, including the power to bring and defend lawsuits on behalf of the plaintiff corporations.

■■■ It is well established that "one who has the legal right to sue and to represent those having a beneficial interest in the recovery is not treated as a nominal party, and his citizenship, rather than the citizenship of those whom he represents is looked to for determining diversity." C. Wright, *Handbook on the Law of Federal Courts,* § 29 at 108 (3d ed. 1976); *accord Navarro Saving Ass'n v. Lee,* 446 U.S. 458, 465–66, 100 S.Ct. 1779, 1784, 64 L.Ed.2d 425 (1980); *Mecom v. Fitzsimmons Drilling Co.,* 284 U.S. 183, 186, 52 S.Ct. 84, 85, 76 L.Ed. 233 (1931); *Field v. Volkswagenwerk AG,* 626 F.2d 293, 302 (3d Cir.1980). Concomitantly, the citizenship of statutory liquidators has been recognized as determinative for diversity purposes under Rule 17(a) of the Federal Rules Civil Procedure. *Robertson v. Malone,* 190 F.2d 756, 759–60 (5th Cir.1951); 3A J. Moore, *Moore's Federal Practice* ¶ 17.12, at 17–157 (2d ed. 1982); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1550, at 684–85 (1971). In light of the fact that the court-appointed liquidators are both citizens of the United Kingdom—a governmental entity duly recognized by the United States—this court may properly assume jurisdiction over the subject matter in question.

Since the British citizenship of the liquidators is sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332(a)(2), defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

SO ORDERED.