**MATIMAK TRADING COMPANY LIMITED, Plaintiff,**

v.

**Albert KHALILY d/b/a Unitex Mills Inc. and D.A.Y. Kids Sportswear Inc., Defendants.**

**No. 95 Civ. 6541 (KMW).**

United States District Court, S.D. New York.

Aug. 21, 1996.

Marshall T. Potashner, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for plaintiff Matimak Trading Company Limited.

Alfred F. Koller, New York City, for defendants Albert Khalily dba Unitex Mills Inc., D.A.Y. Kids Sportswear Inc.

## OPINION AND ORDER

KIMBA M. WOOD, District Judge.

In an order dated June 10, 1996, I invited the parties to make brief submissions concerning the issue of subject matter jurisdiction. I have since received a letter brief from plaintiff Matimak Trading Company ("Matimak"), a corporation duly organized under the laws of Hong Kong, with its principal place of business in Wanchai, Hong Kong. For the reasons set forth below, I vacate the default judgment against defendant D.A.Y. Kids Sportswear Inc. ("D.A.Y. Kids") and dismiss the case in its entirety without prejudice to refiling in state court.

In my June 10, 1996 order, I raised, *sua sponte*, the issue of whether this court lacks subject matter jurisdiction because Hong Kong is not recognized by the United States as a foreign state. According to 28 U.S.C. § 1332, which implements Article III of the United States Constitution, judicial power for diversity purposes only extends to cases "between ... citizens of a State and citizens or subjects of a foreign state...." 28 U.S.C. § 1332.

■ Matimak argues, primarily based on policy considerations, that I should recognize Hong Kong as a *de facto* foreign state for diversity purposes under 28 U.S.C. § 1332. These policy arguments are unavailing because it is not the role of the judiciary to recognize foreign states, but rather that is a function of the executive branch. *See Iran Handicraft & Carpet Export Center v. Marjan Int'l Corp.*, 655 F.Supp. 1275, 1277 (S.D.N.Y.1987), *aff'd without op.*, 868 F.2d 1267 (2d Cir.1988). A court may not hear cases by citizens and corporations of a foreign entity unless the foreign state has been recognized by our government. *Land Oberoesterreich v. Gude*, 109 F.2d 635, 637 (2d Cir.), *cert. denied*, 311 U.S. 670, 61 S.Ct. 30, 85 L.Ed. 431 (1940).

■ Matimak refers to a letter from the State Department in which Assistant Legal Adviser Jim Hergen ("Hergen") urges this court to recognize Hong Kong as a *de facto* foreign state for diversity purposes. Pl.Let. Br., Ex. A. Although there are strong commercial ties between Hong Kong and the United States, the establishment of such ties does not constitute recognition of Hong Kong as a *de facto* foreign state by our government. In a previous letter from the State Department, also written by Hergen, submitted to this court in the case of *Dunsky Limited v. Judy–Phillipine, Inc.*, 95 Civ. 2035(KMW), dated April 4, 1995, Hergen confirmed that the United States does not recognize Hong Kong as a sovereign state.

■ In *Murarka v. Bachrack Bros.*, 215 F.2d 547 (2d Cir.1954), the Second Circuit recognized India as a *de facto* foreign state for diversity purposes, because at the time the complaint was filed in that case, India was substantially a foreign state. Matimak argues on the basis of *Murarka* that I should recognize Hong Kong as a *de facto* foreign state for diversity purposes. This argument is unavailing given that the circumstances of India at the time of the *Murarka* decision and present-day Hong Kong are distinguishable. At the time the complaint was filed in the *Murarka* case, only four days before the Indian Independence Act took effect, an Interim Indian Government had already been established in anticipation of the political separation of India from Great Britain. The United States had already taken steps to recognize India as an independent nation with the reception of India's first ambassador and the accreditation of the first United States Ambassador to India. *Murarka*, 215 F.2d at 551–52. Because the official recognition of India as a foreign state was imminent, the court wrote that, "in every substantial sense by the time this complaint was filed India had become an independent international entity and was so recognized by the United States." *Murarka*, 215 F.2d at 552.

On July 1, 1997, Hong Kong will revert to Chinese sovereignty. It is possible that after that reversion, Hong Kong companies will be considered to be citizens of China for the purposes of diversity jurisdiction and thus will be allowed to file suits in federal courts based on diversity jurisdiction. However,

unlike in the case of India at the time of the *Murarka* decision, the United States has not yet taken substantial steps to recognize Hong Kong as a fully incorporated part of China. Moreover, the complaint in this case was not filed a mere four days before the change in government, as in *Murarka*, but rather more than one year and a half before the reversion to Chinese sovereignty.

The remaining cases cited by Matimak are either unpersuasive or irrelevant. Although the Second Circuit wrote in *Netherlands Shipmortgage Corp. v. Madias*, 717 F.2d 731, 735 (2d Cir.1983) that there is "no question that diversity exists" in a case involving a Bermudian corporation,[1] there is no evidence in the record that subject matter jurisdiction in that case was ever raised at the district or appellate level.

Matimak also relies heavily on *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1242 (7th Cir.1990), *cert. denied*, 499 U.S. 947, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991), in which the Seventh Circuit found that diversity jurisdiction existed between a Tennessee corporation and a company incorporated in the Cayman Islands. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1242 (7th Cir.1990), *cert. denied*, 499 U.S. 947, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991). However, I find that the reasoning behind that decision unpersuasive, because it is based primarily on policy arguments that are unavailing given the fact that the judicial branch has no power to recognize foreign states. The decision is not based on any legal reasoning that would allow this court to circumvent the requirement under 28 U.S.C. § 1332 that a case has to be between citizens of a State and citizens or subjects of a foreign state for diversity purposes.[2]

Finally, many of the other cases cited by Matimak involved countries in circumstances different from those of Hong Kong, such as Iran, the Channel Islands, Palestine and Cuba. I conclude that those decisions are inapplicable to the question presented here.

For the reasons set forth above, I vacate the default judgment against D.A.Y. Kids and dismiss this case in its entirety without prejudice to refiling in state court.

So Ordered.

---

1. Hong Kong, Bermuda and the Cayman Islands are all British Dependant Territories.

2. The *Wilson* court relied on a Southern District of New York case, *Tetra Finance (HK), Ltd. v. Shaheen*, 584 F.Supp. 847, (S.D.N.Y.1984). Although the *Tetra* court noted in dictum that it would recognize Hong Kong as a foreign state for purposes of diversity jurisdiction, it dismissed the case for lack of jurisdiction on other grounds. *Tetra Finance v. Shaheen*, 584 F.Supp. 847, (S.D.N.Y.1984). The *Tetra* court's reasoning in

favor of allowing a Hong Kong company to be a party in a diversity action is also based on policy and the fact that district courts in the past have heard cases involving Hong Kong corporations, enforced Hong Kong judgments and applied Hong Kong law. *Tetra*, 584 F.Supp. at 848. I also find this reasoning unpersuasive. Although courts have entertained actions involving Hong Kong corporations and law, none of these courts expressly considered the issue of whether Hong Kong should be recognized as a *de facto* foreign sovereign for purposes of diversity jurisdiction.